per curiam:
El Ledo. José Díaz Algarín (licenciado Díaz) fue admitido al ejercicio de la abogacía el 19 de enero de 1993 y al ejercicio del notariado el 29 de enero de ese mismo año.
El 15 de junio de 2006 la Directora de la Oficina de Inspección de Notarías (ODIN), Leda. Carmen H. Carlos, *807 presentó un Informe ante este Foro, mediante el cual nos indicó que el abogado en cuestión no había presentado los índices notariales mensuales que comprenden el período de octubre de 2001 al presente. Surge del referido Informe, además, que el licenciado Díaz no le ha remitido a ODIN los informes de actividad notarial anual correspondientes a 2001, 2002 y 2004. De igual manera, dicho Informe puntualiza que el referido abogado nunca corrigió una deficiencia señalada por ODIN en su protocolo notarial de 1995, a pesar de que se le requirieron en varias ocasiones. También, surge del Informe que el notario de epígrafe mudó su oficina y cambió su número telefónico sin notificárselo a ODIN. Posteriormente, ODIN le requirió al licenciado Díaz que expresara su posición con relación a los señalamientos del Informe, así como que actualizara la información de su expediente notarial y presentara los índices mensuales e informes estadísticos anuales, ausentes de su expediente notarial. El abogado incumplió con cada uno de estos requerimientos.
Por otra parte, el 6 de julio de 2006, la Comisión de Ética del Colegio de Abogados de Puerto Rico (Colegio) presentó ante nos una Moción Informativa sobre Incumplimiento de Colegiado, mediante la cual nos informó que el 27 de octubre de 2004 el Sr. Alberto Fernández Sánchez presentó ante el Colegio una queja formal contra el licenciado Díaz, en la que indicó que dicho abogado había desplegado una conducta antiética, así como que había obrado negligentemente en un caso en que este último había sido su representante legal.(1)
El Colegio nos informó, además, que se le requirió al licenciado Díaz una contestación a la queja interpuesta en su contra en cuatro ocasiones distintas. Esto resultó infructuoso, ya que, a la fecha de hoy, el referido abogado no ha contestado la queja.
El 25 de agosto de 2006 emitimos una Resolución para *808 conceder al licenciado Díaz un término de quince días para expresarse sobre el Informe de ODIN, así como sobre la Moción presentada por el Colegio. Apercibimos a dicho abogado que de incumplir con lo ordenado se le suspendería indefinidamente de la abogacía y la notaría. La Resolución se le notificó al querellado personalmente, con copia. El licenciado Díaz no cumplió con nuestra orden.
Finalmente, el 4 de octubre de 2006, ODIN presentó ante este Foro una Moción Informativa en la que indicó que la conducta desplegada por el abogado en cuestión era altamente preocupante, ya que, para esa fecha, habían per-dido contacto con él, y desconocían el paradero de su obra notarial.
Con el beneficio de la discusión que antecede, procedemos a resolver los planteamientos esbozados en el presente procedimiento disciplinario.
Hemos resuelto que es obligación ineludible de todo abogado responder diligentemente a los requerimientos de este Tribunal, de la Oficina del Procurador General, de la Comisión de Etica del Colegio de Abogados y de la Oficina de Inspección de Notarías.(2) Hemos enfatizado que no toleraremos la incomprensible y obstinada negativa de un miembro de la profesión de cumplir con nuestras órdenes y requerimientos.(3)
La omisión de un abogado o notario de mantener su dirección al día ante este Foro es causa suficiente para suspenderlo indefinidamente del ejercicio de la abogacía, sin necesidad de trámites ulteriores. Ello es así porque tal omisión constituye un obstáculo para que el Tribunal ejerza adecuadamente la jurisdicción disciplinaria que le corresponde por mandato de ley.(4) Cualquier cambio de ofi *809 ciña notarial debe ser notificado inmediatamente a la Secretaria de este Foro y a la Directora de ODIN dentro de los cinco días siguientes a la fecha del cambio. Eso es una medida necesaria, adoptada por este Foro, en su función rectora constitucional de regular el ejercicio de la notaría, la cual está investida de carácter público.(5)
La actitud displicente y contumaz del licenciado Díaz para con los requerimientos de este Tribunal, el Colegio y ODIN ha causado una interferencia indebida con nuestra función disciplinaria. Su conducta demuestra un absoluto menosprecio hacia la profesión de abogado y la confianza depositada por la sociedad en la figura del notario público. El abogado de epígrafe no sólo ha incumplido con la obligación de notificar cambios de dirección, según lo preceptúa el Art. 7 de la Ley Notarial de Puerto Rico,(6) sino que ha demostrado poco o ningún interés en evitar que se le separe de la profesión. No albergamos duda de que este proceder empaña y macula los postulados más fundamentales de la profesión jurídica.
En vista de lo anterior, se decreta la suspensión inmediata e indefinida de José A. Díaz Algarín del ejercicio de la abogacía y la notaría.

Se dictará sentencia de conformidad.

 El caso en cuestión era Alberto Fernández Sánchez, etc. v. Carlos Alberto Varona Berríos, al que se le había asignado el número de caso K-AC1998-0779.

 In re Moreno Franco, 166 D.P.R. 787 (2006); In re Rivera Irizarry, 155 D.P.R. 687 (2001).

 In re Moreno Franco, supra, citando a In re Laborde Freyre I, 154 D.P.R. 112 (2001).

 In re Rivera Santos, 160 D.P.R. 825 (2003); In re Santiago Rodríguez, 160 D.P.R. 245 (2003); In re Sanabria Ortiz, 156 D.P.R. 346 (2001).

 In re Sáez Burgos, 164 D.P.R. 704 (2005), citando a In re Serrallés III, 119 D.P.R. 494 (1987).

 4 L.P.R.A. see. 2011.