*In re* Juan Sáez Burgos.

 *Número:* TS-4464 *Resuelto:* 29 de abril de 2005

*Carmen H. Carlos*, directora de la Oficina de Inspección de Notarías; *Juan Sáez Burgos*, notario querellado.

PER CURIAM: El 30 de enero de 2004, mediante opinión *per curiam*, suspendimos al Lcdo. Juan Sáez Burgos del ejercicio de la notaría.[1] Conforme fuera ordenado, se incautó

---

[1] La sanción respondió al incumplimiento del licenciado Sáez Burgos con su obligación de remitir índices mensuales sobre actividad notarial.

su sello y su obra notarial.([2]) En ese momento la única obra que se pudo incautar fue un Registro de Testimonios.([3])

Concluidos los trámites de la suspensión de la notaría y la aprobación del Registro de Testimonios, la Directora de la Oficina de Inspección de Notarías, Lcda. Carmen H. Carlos, compareció ante este Tribunal por motivo de otro problema con la obra notarial del licenciado Sáez Burgos. En esta ocasión nos informó que varios ciudadanos habían llamado a su oficina para pedir la expedición de copia certificada de las escrituras autorizadas por el licenciado Sáez Burgos en 1993, las cuales no constaban en los documentos incautados. Luego de realizar una búsqueda en los índices notariales del referido abogado, se encontró que éste había autorizado doscientas veintitrés escrituras en 1993 y dos escrituras en 1995, y que no había entregado los Protocolos correspondientes a esos años. Cuando la Inspectora de Protocolos le pidió explicaciones, el licenciado Sáez Burgos expresó que no había entregado sus Protocolos porque los había dejado bajo la custodia de otra persona a quien no podía localizar.

Enterados de esto, el 11 de febrero de 2005 concedimos un término de veinte días al licenciado Sáez Burgos para entregar los Protocolos de 1993, 1994 y 1995. Le apercibimos que el incumplimiento con nuestra Resolución conllevaría la suspensión inmediata del ejercicio de la abogacía.

El 15 de marzo de 2005, el licenciado Sáez Burgos compareció y solicitó una prórroga de seis meses para "tratar de localizar y/o reconstruir" su obra notarial. Expresó que creía que se encontraba en una finca en Vega Baja que había sido confiscada por una agencia federal, y luego fue saqueada y vandalizada.

---

([2]) El abogado entregó en la Oficina del Alguacil del Tribunal Supremo su sello y un Registro de Testimonios luego de dos intentos frustrados del Alguacil del Tribunal de diligenciar la orden de incautación. En ambas ocasiones el licenciado Sáez Burgos expresó que le era imposible entregar los referidos objetos porque se encontraban bajo la custodia de un amigo en una finca cuya dirección exacta desconocía.

([3]) Luego de notificar unas deficiencias, y que el licenciado Sáez Burgos las corrigiese, la Oficina de Inspección de Notarías aprobó el referido registro.

Con el beneficio de las comparecencias del licenciado Sáez Burgos y de la Oficina de Inspección de Notarías, procedemos a resolver.

I

El Art. 48 de la Ley Notarial de Puerto Rico (Ley Notarial), 4 L.P.R.A. sec. 2072, dispone que los Protocolos pertenecen al Estado aun cuando su conservación se confía a los notarios. Son éstos los que responden por la integridad de un Protocolo y, de perderse o deteriorarse, se repondrán a expensas del notario. En otras palabras, el notario es custodio de los Protocolos y tiene el deber de guardarlos celosa y responsablemente. *In re González Maldonado*, 152 D.P.R. 871 (2000); *In re Sánchez Quijano*, 148 D.P.R. 509 (1999), *In re Antonio Ríos Acosta*, 128 D.P.R. 412 (1991). Conforme al concepto de que la propiedad del Protocolo pertenece al Estado y que sólo su custodia corresponde al notario, el Art. 53 de la Ley Notarial, 4 L.P.R.A. sec. 2077, prohíbe que se extraiga el Protocolo de la oficina en que se custodie, salvo por una orden judicial o una autorización de la Oficina de Inspección de Notarías. *In re Sánchez Quijano*, supra.

El Reglamento Notarial de Puerto Rico (Reglamento Notarial) también recoge esa prohibición en su Regla 58 (4 L.P.R.A. Ap. XXIV), en la que condiciona el traslado físico de los Protocolos de la oficina del notario a obtener la autorización previa de la Directora de la Oficina de Inspección de Notarías. Ni siquiera el que ha sido autorizado como notario sustituto podrá remover los Protocolos de la oficina en donde se custodien. Regla 18 del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV. Sólo se puede obviar el requisito de autorización previa de la Directora cuando existe una emergencia que ponga en peligro la integridad del Protocolo. En esos casos se podrá proceder con el traslado a un lugar seguro, pero se notificará y justificará la

actuación de emergencia inmediatamente a la Oficina de Inspección de Notarías. Regla 58 del Reglamento Notarial, *supra.*

Examinado el derecho, veamos su aplicación en este caso.

## II

Los hechos ante nos revelan un craso incumplimiento del licenciado Sáez Burgos con las disposiciones de la Ley Notarial y su reglamento. Este incumplimiento es independiente del que motivó su suspensión del ejercicio de la notaría.

En primer lugar, el licenciado Sáez Burgos ignoró su deber de custodio de los Protocolos e hizo caso omiso de la prohibición de removerlos de su oficina sin la debida autorización. Según la propia admisión del abogado a la Inspectora de Protocolos, la Lcda. Marla D. Ríos Díaz, él dejó los Protocolos bajo la custodia de otra persona cuyo paradero ahora ignora. En su última comparecencia ante nos, en la Moción Solicitando Prórroga para Entregar los Protocolos, el licenciado Sáez Burgos una vez más puso de manifiesto su violación al deber de guardián de sus Protocolos, puesto que expresó que éstos "deben" estar "en una finca que frecuentaba durante esos años, en el Municipio de Vega Baja". La falta de certeza del licenciado Sáez Burgos en cuanto al lugar en donde se encuentran sus Protocolos no permite otra conclusión que no sea que fue un muy pobre celador y que no observó la norma que exige una autorización previa de la Directora de la Oficina de Inspección de Notarías para trasladarlos físicamente.

Por otra parte, la conducta del licenciado Sáez Burgos con relación a la incautación de su obra notarial indica desinterés en el cumplimiento de las órdenes de este Tribunal. Aun consciente de que el Alguacil del Tribunal actuaba por órdenes nuestras, el licenciado Sáez Burgos

se negó en dos ocasiones a entregarle sello u obra notarial alguna, por razón de que se encontraban en una finca y con un amigo cuya dirección desconocía. Cuando por fin hizo entrega al alguacil de su "obra notarial", incluyó sólo un Registro de Testimonios, sin expresar que ésa no era toda su obra notarial, induciendo a error tanto al Alguacil del Tribunal como a la Oficina de Inspección de Notarías, que dieron por cumplida nuestra orden de incautación.

Por último, se debe notar que en nuestra Resolución de 11 de febrero de 2005 le concedimos un término de veinte días al licenciado Sáez Burgos para hacer entrega de los Protocolos de 1993 a 1995, y le apercibimos que su incumplimiento con la resolución conllevaría su suspensión inmediata de la abogacía. No cumplió.

## III

Las actuaciones del licenciado Sáez Burgos, y su incumplimiento con la Ley Notarial y su reglamento, trascienden la esfera notarial y requieren que ejercitemos nuestra facultad disciplinaria con relación a su función como abogado. Véase *In re Capestany Rodríguez*, 148 D.P.R. 728 (1999). Ante su inobservancia de las normas más fundamentales que rigen a los notarios y su falta de interés en el fiel cumplimiento de las órdenes de este Tribunal, se suspende inmediata e indefinidamente al licenciado Sáez Burgos del ejercicio de la abogacía.

Juan Sáez Burgos deberá notificar a todos sus clientes de su suspensión y consiguiente inhabilidad para continuar representándolos. Deberá también devolverles sus expedientes y los honorarios correspondientes a trabajos no realizados. Además, deberá notificar oportunamente su suspensión a los distintos foros judiciales y administrativos del país. Dentro del término de treinta días, el abogado suspendido deberá certificar a este Tribunal el cumpli-

miento de estos deberes, notificando de ello también al Procurador General.

 El señor Sáez Burgos deberá informar el nombre completo de la persona a cuyo cargo dejó los Protocolos, así como sus teléfonos y última dirección conocida, para facilitar que el Alguacil de este Tribunal se incaute de los Protocolos en controversia y de cualquier otra obra notarial que aún no haya sido entregada. También deberá informar los datos de la finca en que dejó los Protocolos y de cualquier otra persona que pudiese ayudar a localizarlos. De encontrarse los Protocolos, el Alguacil se incautará y entregará a la Oficina de Inspección de Notarías para el trámite correspondiente. Si no se localizan los Protocolos, el Alguacil deberá informarlo a este Tribunal para que se inicie el procedimiento de reconstrucción conforme dispone la Ley Notarial de Puerto Rico.([4])

*Se dictará Sentencia de conformidad.*

El Juez Asociado Señor Rebollo López no intervino.

---

([4]) El Art. 55 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2079, regula el procedimiento a seguir cuando se ha perdido o destruido un Protocolo. Conforme dispone el Art. 48 de la referida ley, 4 L.P.R.A. sec. 2072, un Protocolo perdido o deteriorado se repondrá a expensas del notario.