EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: Ricardo Morales Maldonado | 2015 TSPR 86 193 DPR ____ |
|---|---|

Número del Caso: TS-10708

Fecha: 24 de junio de 2015

Oficina de Inspección de Notarías:

      Lcdo. Manuel E. Ávila de Jesús
      Director

Materia: Conducta Profesional – La Suspensión será efectiva el 1ro de julio de 2015, fecha en que fue notificado del abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Ricardo Morales Maldonado        TS-10,708

*PER CURIAM*

En San Juan, Puerto Rico, a 24 de junio de 2015.

En esta ocasión nos vemos obligados a decretar la suspensión de un miembro de la profesión legal debido a su craso incumplimiento con la Ley Notarial de Puerto Rico (Ley Notarial), 4 LPRA sec. 2001 <u>et</u> <u>seq</u>., con el Reglamento Notarial de Puerto Rico (Reglamento Notarial), 4 LPRA Ap. XXIV, R. 58A, y por su indiferencia a las órdenes de este Tribunal, así como su desatención al no mantener actualizada la información de contacto en el Registro Único de Abogados y Abogadas (RUA). Ante la conducta demostrada en el trámite que exponemos a

continuación, suspendemos indefinidamente al Lcdo. Ricardo Morales Maldonado del ejercicio de la notaría y la abogacía. Veamos los hechos que ameritan nuestra intervención.

I.

El licenciado Morales Maldonado fue admitido al ejercicio de la abogacía el 4 de enero de 1994 y el 10 de febrero de 1994 prestó juramento para ejercer el notariado. Su obra notarial consta inspeccionada y aprobada hasta el 2006. Así las cosas, mediante carta de 20 de octubre de 2014, la Oficina de Inspección de Notarías (ODIN) citó al licenciado Morales Maldonado para el proceso de inspección ordinaria de su obra notarial correspondiente a los años 2007 al 2013 y varios asientos que forman parte de su Libro de Registros de Testimonios.[1] La inspección fue pautada para el 1 de diciembre de 2014.

Llegado ese día, las inspectoras de la ODIN, Lcda. Carol Reyes Figueroa y Lcda. Teresa Trujillo Ortiz (inspectoras), intentaron comunicarse vía telefónica con el licenciado Morales Maldonado a los números de teléfono que surgían del RUA. No obstante, dicha gestión fue infructuosa toda vez que los teléfonos se encontraban fuera de servicio. Sin que ello constituyera un impedimento, las inspectoras acudieron a la oficina del licenciado Morales Maldonado la cual está situada en su

---

[1] Los asientos del Libro de Registros de Testimonios sujetos a inspección son del número 4,544 en adelante.

residencia. Al iniciar el procedimiento, el licenciado Morales Maldonado no proveyó un lugar apropiado ni puso a la disposición de las inspectoras todos los Protocolos sujetos a inspección. El licenciado Morales Maldonado entregó a las inspectoras una caja con 47 instrumentos sin encuadernar de su Protocolo de 2009 y otra caja que contenía 61 instrumentos también sin encuadernar correspondientes al Protocolo de 2010.

Ante esta situación, las inspectoras realizaron un inventario de la obra notarial bajo la custodia del licenciado Morales Maldonado e hicieron constar que no encontraron los Protocolos de los años 2006, 2007, 2008, 2011, 2012 y 2013, así como los tomos Segundo y Tercero del Libro de Registro de Testimonios. Por tal razón -y con la anuencia del licenciado Morales Maldonado- las inspectoras aceptaron la entrega voluntaria de la obra y del sello notarial. Durante el proceso, el licenciado Morales Maldonado no pudo confirmar dónde se encontraba la obra notarial que no se incluyó en el inventario realizado por las inspectoras. Acto seguido, las inspectoras depositaron la obra notarial entregada voluntariamente por el licenciado Morales Maldonado en el Archivo Notarial de Utuado.[2] Los instrumentos sin encuadernar correspondientes a los años 2009 y 2010, el tomo Cuarto del Libro del

---

[2] Del recibo surge que dicho Archivo recibió la entrega de los Protocolos correspondientes a los años 1994 al 2001 (un tomo por año); 2002 (dos tomos); 2004 y 2005 (un tomo por año) y el tomo Primero del Libro de Registro de Testimonios.

Registro de Testimonios y el sello notarial fueron trasladados a la ODIN para continuar el proceso de inspección.

Como resultado de este cuadro fáctico, el 18 de diciembre de 2014 el Director de la ODIN, Lcdo. Manuel E. Ávila De Jesús, presentó ante este Tribunal una *Moción Urgente Notificando el Estado de la Obra Notarial; Solicitud Urgente de Autorización para Retener la Obra Preventivamente y Otros Remedios*. En dicha Moción expuso los trámites que anteceden en cuanto al licenciado Morales Maldonado.

En atención a ello, mediante Resolución de 9 de enero de 2015, le otorgamos al licenciado Morales Maldonado un término de 10 días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la notaría y la abogacía. Además, le ordenamos que en el mismo término informara al Tribunal dónde se encontraba la obra notarial que no pudo entregar a la ODIN. Asimismo, le instruimos que en caso de que la hubiese encontrado debía entregarla inmediatamente a la ODIN por conducto de la Oficina del Archivero Notarial del Distrito de Utuado y que en la alternativa debía comenzar el proceso de reconstrucción al amparo de la Regla 58A del Reglamento Notarial, 4 LPRA Ap. XXIV, R. 58A.

Por último, permitimos que la ODIN retuviera la obra notarial que voluntariamente entregó el licenciado Morales

Maldonado a los fines de culminar el proceso de inspección. Esta Resolución fue notificada mediante diligenciamiento personal al licenciado Morales Maldonado el 12 de enero de 2015 y así consta en su expediente. Sin embargo, el licenciado Morales Maldonado no contestó nuestra Orden.

Examinemos el derecho aplicable a este asunto.

II.

A.

En reiteradas ocasiones hemos expresado que la práctica de la notaría exige un alto nivel de cuidado, diligencia y esmero. In re López Cordero, 164 DPR 710, 715 (2005); In re Vera Vélez, 148 DPR 1, 6 (1999). En el ejercicio de esta delicada función se requiere un estricto cumplimiento con la Ley Notarial –su reglamento-, supra, y con los cánones del Código de Ética Profesional, 4 LPRA Ap. IX. In re López Cordero, supra; In re Capestany Rodríguez, 148 DPR 728, 733 (1999). Cuando un notario incumple con la normativa previamente citada se expone a la acción disciplinaria correspondiente no sólo en el ámbito notarial, sino también como abogado. In re González Maldonado, 152 DPR 871, 895 (2000); In re Capestany Rodríguez, supra.

El Protocolo de un notario es la colección ordenada de las escrituras matrices y actas que éste autoriza durante un año natural. 4 LPRA sec. 2071. El Art. 48 de la Ley Notarial, 4 LPRA sec. 2072, establece que:

> [l]os Protocolos pertenecen al Estado. Los notarios los conservarán con arreglo a lo dispuesto en esta ley, siendo responsables de su integridad. Si se deteriorasen o perdiesen por falta de diligencia, los repondrán a sus expensas, pudiendo el Tribunal Supremo imponer también a su discreción las sanciones establecidas en la sec. 2102 de este título. Si hubiere motivo para sospechar la comisión de un delito se informará de ello a la autoridad competente para que se tome la acción que corresponda.

La disposición antes citada expresa taxativamente que los Protocolos le pertenecen al Estado, siendo ello un principio arraigado en el notariado. In re Ríos Acosta, 128 DPR 412, 415 (1991). En múltiples instancias hemos señalado que el notario es el custodio de los Protocolos y que tiene la obligación de guardarlos y conservarlos responsablemente para que no se pierdan o deterioren. In re Rosenbaum, 189 DPR 115, 119 (2013); In re Sáez Burgos, 164 DPR 704, 707 (2005); In re López Cordero, supra, pág. 716; In re González Maldonado, 152 DPR 871, 898 (2000); In re Ríos Acosta, supra, pág. 415. Sabido es que "la custodia y conservación de los protocolos es de vital importancia para la secretividad, protección e integridad de los mismos". In re Carrasquillo Martínez, 173 DPR 798, 803 (2008); In re Algarín Otero, 117 DPR 365, 369-370 (1986).

Tan importante es el deber de custodia de los Protocolos que el Art. 53 de la Ley Notarial, 4 LPRA sec. 2077, prohíbe su remoción de la oficina del notario, a menos que exista un decreto judicial a esos fines o una

autorización de la ODIN. <u>In re Sánchez Quijano</u>, 148 DPR 509, 512 (1999).

En armonía con la Ley Notarial, <u>supra</u>, el Reglamento Notarial también prohíbe el traslado físico de los Protocolos de la oficina del notario, excepto cuando se obtenga previamente una autorización del Director de la ODIN. 4 LPRA Ap. XXIV, R. 58. Sólo se puede prescindir del requisito de autorización previa de la ODIN cuando existe una emergencia y la integridad de los Protocolos está en peligro. Íd; <u>In re Sáez Burgos</u>, <u>supra</u>.

Como parte del deber de custodia, el Art. 52 de la Ley Notarial, 4 LPRA sec. 2076, establece la obligación de todo notario en cuanto a la encuadernación de los Protocolos. A esos efectos dispone que "en el tercer mes de cada año, deberán quedar encuadernados los Protocolos de año anterior con su correspondiente índice de contenido para cada Tomo". Íd; <u>In re González Maldonado</u>, <u>supra</u>, pág. 898.

Cuando ocurre una pérdida o destrucción del Protocolo, el Art. 55 de la Ley Notarial, 4 LPRA sec. 2079, establece el mecanismo para su reconstrucción:

> [e]n caso de inutilizarse o perderse el todo o parte de un Protocolo el notario dará cuenta al Juez Presidente del Tribunal Supremo, quien ordenará reconstruir, con citación de partes, el oportuno expediente. Se cotejarán los índices y libros y examinará cuantos antecedentes fueren necesarios, procurando que se reponga en lo posible lo que se haya inutilizado o destruido. El Tribunal Supremo, a recomendación del Director de la Oficina de Inspección de Notarías aprobará el expediente.

Este mecanismo debe ser utilizado por el notario con diligencia "y probado esmero, ya que de su gestión dependerán terceras personas que confiaron en él para preservar diversos negocios jurídicos". In re Rosenbaum, supra, pág. 119; In re López Cordero, supra, pág. 718. En cuanto al Libro de Registro de Testimonios -a diferencia del Protocolo- no se prohíbe que el notario pueda sacarlo de su oficina. Ello ya que "como no se trata de instrumentos públicos, se perdería un récord del cual hay constancia en los índices notariales." C. Urrutia de Basora, L. Negrón Portillo, Curso de Derecho Notarial Puertorriqueño, 3era ed., Puerto Rico, 2002, pág. 153. Sin embargo, el notario también tiene la obligación de conservar el Libro de Registro de Testimonios y en caso de pérdida o deterioro debe reconstruirlo conforme al procedimiento para la reconstrucción del Protocolo y del Registro de Testimonios detallado en la Regla 58A del Reglamento Notarial, 4 LPRA Ap. XXIV, R. 58A.

Con relación a la obligación de conservar e informar la ubicación del Registro de Testimonios, la Regla 11 del Reglamento Notarial dispone que una vez un notario es admitido a la práctica de la notaría debe notificar inmediatamente al Tribunal Supremo y a la ODIN la localización de la oficina donde conservará el Protocolo de instrumentos públicos y el Registro de Testimonios. 4 LPRA Ap. XXIV, R. 11.

B.

Por otra parte, el Canon 9 de Ética Profesional, 4 LPRA Ap. IX C. 9, exige que la conducta de todo abogado hacia los tribunales se caracterice por el mayor respeto. De este precepto surge la ineludible obligación de los miembros de la profesión legal de responder oportunamente a los requerimientos de este Tribunal. In re García Ortiz, 187 DPR 507, 524 (2013); In re Asencio Márquez, 183 DPR 659, 663 (2011); In re Ramírez Ferrer, 183 DPR 382, 384 (2011).

De manera reiterada les hemos recordado a los abogados y las abogadas que no atender las órdenes de este Tribunal tiene como consecuencia la suspensión del ejercicio de la profesión, pues demuestra dejadez e indiferencia a nuestros apercibimientos. In re Massanet Rodríguez, 188 DPR 116, 125 (2013); In re Fidalgo Córdova, 183 DPR 217, 222 (2011); In re Fiel Martínez, 180 DPR 426, 430 (2010). La actitud de no cumplir con las órdenes del Tribunal denota menosprecio hacia nuestra autoridad, razón por la cual dicha conducta constituye una violación al Canon 9 de Ética Profesional, supra. In re Guzmán Rodríguez, 187 DPR 826, 829 (2013); In re Fiel Martínez, supra, en las págs. 430-431.

A pesar de repetir en múltiples instancias la norma antes expuesta, frecuentemente nos vemos en la obligación de suspender a miembros de la profesión legal por no contestar nuestros requerimientos. Este Tribunal ha sido

consistente en la aplicación de dicha medida disciplinaria. In re Mendoza Ramírez, 188 DPR 244, 249 (2013); In re Colón Olivo, 187 DPR 659, 663 (2013); In re Rodríguez Salas, 181 DPR 579, 581 (2011); In re Rodríguez Rodríguez, 180 DPR 841, 845-844 (2011).

Por último, la Regla 9(j) del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, R. 9(j), exige que los profesionales del derecho mantengan actualizada en el RUA su información de contacto, que incluye los números de teléfono de su oficina y los personales, la dirección física y postal, el correo electrónico, entre otros. Constituye una obligación notificar a este foro cualquier cambio en su información de contacto. In re Betancourt Medina, 183 DPR 821, 825 (2011).[3] El incumplimiento con el deber de mantener al día la información de contacto en el RUA constituye un obstáculo para el ejercicio de nuestra jurisdicción disciplinaria. In re Camacho Hernández, 188 DPR 739, 743 (2013); In re Betancourt Medina, supra, pág. 825; In re Toro Soto, 181 DPR 654, 661 (2011). Apliquemos este marco legal a los hechos ante nuestra consideración.

## III.

Según expuesto previamente, el 1 de diciembre de 2014 las inspectoras de la ODIN acudieron a la oficina del licenciado Morales Maldonado para llevar a cabo el proceso de inspección previamente notificado. Al iniciar el

---

[3] Además, véase, In re Rs. Proc. Civil y R.T. Supremo, 179 DPR 174 (2010).

procedimiento, el licenciado Morales Maldonado no entregó a las inspectoras la totalidad de la obra notarial sujeta a inspección. En consecuencia, las inspectoras procedieron a realizar un inventario de la obra notarial del licenciado Morales Maldonado y se percataron de que éste no tenía bajo su custodia los Protocolos de los años 2006, 2007, 2008, 2011, 2012 y 2013, así como los tomos Segundo y Tercero de su Libro de Registro de Testimonios. Más aún, el licenciado Morales Maldonado les entregó dos cajas con instrumentos sin encuadernar, 47 correspondientes al Protocolo de 2009 y 61 del Protocolo de 2010.

Ante esta situación, el Director de la ODIN solicitó nuestra intervención y mediante Resolución de 9 de enero de 2015, notificada personalmente, le concedimos 10 días al licenciado Morales Maldonado para que mostrara causa por la cual no debía ser suspendido de la notaría y la abogacía, así como para que nos informara dónde se encontraba su obra notarial y en caso de que la hubiese encontrado le ordenamos que iniciara un proceso de reconstrucción. Transcurrido en exceso del término concedido, el licenciado Morales Maldonado no ha comparecido ante nosotros para justificar su proceder.

Resulta altamente preocupante que el licenciado Morales Maldonado no tenga conocimiento sobre la ubicación de su obra notarial. Este proceder quebranta el principio fundamental del notariado sobre el deber de custodia y conservación. Actualmente desconocemos el paradero de

dicha obra debido a la indiferencia demostrada por el licenciado Morales Maldonado a nuestra Orden. En consecuencia, tampoco conocemos las razones por las cuales la obra notarial no se encontraba en su oficina. El licenciado Morales Maldonado no ha acreditado que posea una autorización para remover los Protocolos de su oficina ni alguna situación de emergencia que ameritara su traslado. Por lo tanto, no actuó con la rigurosidad requerida para la custodia y conservación de su obra notarial.

El licenciado Morales Maldonado también falló en su deber de custodia al no encuadernar los instrumentos públicos correspondientes a sus Protocolos de 2009 y 2010. El notario actuó en clara violación a la Ley Notarial, supra, y se condujo con indiferencia y desidia ante sus obligaciones y los requerimientos de este Tribunal. Se apartó de las normas más fundamentales que rigen a los que ejercen la delicada función de la notaría.

Además, surge que el licenciado Morales Maldonado no mantuvo actualizada su información de contacto en el RUA. Como corolario del deber de custodia, la función pública que ejercen los notarios exige que en todo momento informen su ubicación. Véase, C. Urrutia de Basora, L. Negrón Portillo, op. cit. pág. 151. Cabe destacar que no es la primera vez que el licenciado Morales Maldonado actúa con descuido respecto a su obra notarial. El 3 de abril de 2009 aprobamos su Protocolo del año 2000 con

deficiencias y le apercibimos que debería cumplir estrictamente con los requisitos de la Ley Notarial, supra, y el Reglamento Notarial, supra.

La gravedad de lo ocurrido trasciende el ámbito notarial. La inobservancia a las normas del notariado por parte del licenciado Morales Maldonado y su falta de interés en el cumplimiento de las órdenes de este Tribunal, no nos deja otra alternativa que decretar su suspensión inmediata e indefinida del ejercicio de la notaría y la abogacía.

Así pues, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta opinión *per curiam* y sentencia.

Según surge de los hechos, el licenciado Morales Maldonado entregó voluntariamente la obra notarial bajo su custodia y el sello notarial. Asimismo, el 9 de enero de 2015 autorizamos a la ODIN a retenerla hasta culminar el proceso de inspección. Considerando lo anterior y debido a que procede su incautación, la ODIN podrá retener indefinidamente la obra notarial del licenciado Morales Maldonado.

Se le apercibe al licenciado Morales Maldonado que esta acción disciplinaria no lo exime de tener que informar dónde se encuentra su obra notarial extraviada y que de no encontrarla deberá iniciar inmediatamente el procedimiento de reconstrucción conforme a la Regla 58A del Reglamento Notarial, supra. De incumplir con lo ordenado, se expone a un proceso de desacato.

*Se dictará sentencia de conformidad.*

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Ricardo Morales Maldonado                    TS-10,708

SENTENCIA

En San Juan, Puerto Rico, a 24 de junio de 2015.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión inmediata e indefinida del ejercicio de la notaría y la abogacía del Lcdo. Ricardo Morales Maldonado por su craso incumplimiento con la Ley Notarial de Puerto Rico, 4 LPRA sec. 2001 et seq., con el Reglamento Notarial de Puerto Rico, 4 LPRA Ap. XXIV, R. 58A, y por su indiferencia a las órdenes de este Tribunal, así como su desatención al no mantener actualizada la información de contacto en el Registro Único de Abogados y Abogadas.

Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Sentencia. Se dispone que la

ODIN podrá retener indefinidamente la obra notarial del licenciado Morales Maldonado.

Nada de lo aquí dispuesto releva al licenciado Morales Maldonado de tener que informar dónde se encuentra su obra notarial extraviada y que de no encontrarla deberá iniciar inmediatamente el procedimiento de reconstrucción conforme a la Regla 58A del Reglamento Notarial, supra. De incumplir con lo ordenado, se expone a un proceso de desacato.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                                    Aida Ileana Oquendo Graulau
                                    Secretaria del Tribunal Supremo