EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2015 TSPR 96 |
| César R. Cabrera Acosta | 193 DPR ____ |
| | |

Número del Caso: TS-17,371

Fecha: 7 de julio de 2015

Materia: Conducta Profesional - La suspensión del abogado será efectiva el 8 de julio de 2015, fecha en que se depositó en el correo la notificación de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| *In re* | |
|---|---|
| César R. Cabrera Acosta | TS-17,371 |

*PER CURIAM*

San Juan, Puerto Rico, a 7 de julio de 2015.

En esta ocasión, nos corresponde suspender inmediata e indefinidamente a un miembro de la profesión legal de la práctica de la abogacía y la notaría por su incumplimiento con los requerimientos de la Oficina de Inspección de Notarías (ODIN) y de este Tribunal, y por no haber actualizado su información en el Registro Único de Abogados (RUA).

**I**

El Lcdo. César Cabrera Acosta fue admitido al ejercicio de la abogacía el 4 de febrero de 2009 y al ejercicio de la notaría el 8 de mayo de 2009. El 31 de octubre de 2014, el Director de ODIN, envió al licenciado Cabrera Acosta una carta por correo certificado con acuse de recibo a la dirección que constaba en el RUA. En ésta, notificó al notario que adeudaba un total de treinta (30) *Índices mensuales de actividad notarial* correspondientes a los meses de abril a diciembre de 2012, enero a diciembre de 2013 y enero a septiembre de 2014. Además, le informó

que adeudaba los *Informes estadísticos anuales de actividad notarial* correspondientes a los años naturales del 2011 al 2013.

En la misiva, se orientó al licenciado Cabrera Acosta sobre las disposiciones legales aplicables y se le advirtió sobre la gravedad de su incumplimiento y las posibles consecuencias disciplinarias que éste acarrearía. Así, se le concedió al licenciado Cabrera Acosta un término de diez (10) días para presentar los documentos que adeudaba. Por último, se le apercibió de la posibilidad de acudir ante este Foro para la evaluación disciplinaria correspondiente conforme a los Artículos 12 y 13(A) de la Ley Notarial. La carta, sin embargo, fue devuelta por el servicio postal federal.[1]

Así las cosas, el 16 de enero de 2015, el Director de la ODIN envió una segunda comunicación al licenciado Cabrera Acosta; esta vez por correo certificado y correo electrónico. En este segundo apercibimiento, se le indicó al licenciado que tendría hasta el 6 de febrero de 2015 para cumplir con lo requerido y se le apercibió nuevamente de las consecuencias de su incumplimiento. Esta segunda carta fue devuelta igualmente por el servicio de correo,[2] por lo que el 13 de febrero de 2015 se envió una tercera comunicación. Una vez más, se utilizó el correo electrónico y la dirección postal de notificaciones que constaban en el

---

[1] La razón para la devolución fue: "Unclaimed – Unable to Forward."

[2] La razón para la devolución fue: "Attempted – Not Known – Unable to Forward."

RUA. En esta tercera misiva, además, se le informó al licenciado Cabrera Acosta que una actualización del sistema reflejó que adeudaba los índices mensuales de actividad notarial hasta diciembre de 2014, así como el índice anual de actividad notarial para ese mismo año. En la carta, se le concedió al licenciado un término final hasta el 25 de febrero de 2015 para cumplir con lo requerido por la ODIN. Esta comunicación, al igual que las previas, fue devuelta.[3]

Ante el reiterado incumplimiento por parte del licenciado Cabrera Acosta, y la imposibilidad de establecer contacto mediante correo postal y electrónico, el 5 de marzo de 2015, la ODIN intentó comunicarse por vía telefónica. Sin embargo, el número telefónico que constaba en el RUA estaba fuera de servicio.

El 16 de marzo de 2015, el Director de la ODIN, Lcdo. Manuel E. Ávila de Jesús, presentó ante este Foro un *Informe especial sobre incumplimiento de la Ley Notarial y su Reglamento; solicitando incautación preventiva e inmediata; y otros remedios*. En éste, detalló el incumplimiento del licenciado con la entrega de los índices mensuales de actividad notarial y los informes estadísticos anuales. Además, señaló que, desde el año 2010, el licenciado Cabrera Acosta no ha renovado su fianza notarial y que tampoco ha presentado informe alguno durante el año en curso. Mediante el informe, se le solicitó a este

---

[3] En esta tercera ocasión, el sobre fue devuelto con una anotación no oficial en manuscrito con el siguiente mensaje: "Él no vive aquí. Se mudó a los Estados Unidos hace alrededor de tres años".

Tribunal que: (1) ordenara la incautación preventiva e inmediata de la obra notarial del licenciado Cabrera Acosta; (2) le concediera a éste un término de cinco (5) días laborables para presentar los índices mensuales y los informes anuales adeudados; (3) ordenara al licenciado actualizar su información personal en el RUA; (4) requiriese presentación de evidencia acreditativa del pago de la fianza notarial por parte del licenciado a partir del año 2010; (5) evaluara suspender inmediata e indefinidamente al licenciado, e (6) impusiera una sanción económica de $500.00 por el reiterado incumplimiento con los requerimientos de la ODIN.

Evaluado el Informe presentado por el Director de la ODIN, el 13 de mayo de 2015, emitimos una resolución mediante la cual ordenamos la incautación preventiva e inmediata de la obra protocolar y el sello notarial del licenciado Cabrera Acosta. Además, ordenamos al licenciado Cabrera Acosta comparecer, en un término de diez (10) días, para mostrar causa por la cual no debía ser suspendido indefinidamente del ejercicio de la abogacía y la notaría en nuestra jurisdicción. Se ordenó, por último, que la Resolución fuera diligenciada personalmente al momento de incautar la obra notarial. No obstante, al no poder dar con el paradero del licenciado Cabrera Acosta, el diligenciamiento personal de la Resolución no pudo llevarse

a cabo.[4] Al día de hoy, el licenciado Cabrera Acosta no ha comparecido. Habiendo evaluado detenidamente el expediente, estamos en posición de ejercer nuestra jurisdicción disciplinaria.

## II

El Artículo 12 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2023, impone a todos los miembros de la profesión legal admitidos al ejercicio de la notaría el deber de remitir mensualmente a la ODIN un índice que contenga sus actividades notariales no más tarde del décimo día del mes siguiente al informado. La Regla 12 del Reglamento Notarial, 4 L.P.R.A. Ap. XXI-B, R. 12, suplementa dicha disposición, detallando los requisitos formales de los índices y reiterando las facultades del Director de la ODIN con relación a las remisiones tardías. Asimismo, la Regla 13 del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXI-A, R.13, reafirma ese deber de remitir todos los meses un índice informativo de todas las escrituras y testimonios autorizados. La Regla 13 dispone, además, que todo notario está obligado a notificar cualquier cambio de residencia o de oficina notarial, no

---

[4] Según se desprende del *Informe de Caso Núm. TS-17,371*, con fecha del 22 de mayo de 2015, dos alguaciles de este Tribunal intentaron dar con el paradero del licenciado Cabrera Acosta personándose a las distintas direcciones residenciales de éste, según constaban en el RUA. Estos esfuerzos no rindieron frutos. Así las cosas, los alguaciles se dirigieron al Departamento de Justicia para verificar la última dirección registrada del licenciado en el sistema ROCIC (Regional Organized Crime Information Center). La dirección más reciente que refleja ese informe indica que el licenciado Cabrera Acosta actualmente reside en la ciudad de Maple Valley, en el estado de Washington.

solo a este Foro, sino también al Director de la ODIN. Véase *id*.

Por otro lado, el Artículo 13-A de la Ley Notarial, 4 L.P.R.A. sec. 2031(a), impone a los notarios la obligación de presentar ante la ODIN informes estadísticos anuales de su actividad notarial. Tal y como ocurre con el Artículo 12, el Reglamento Notarial complementa esa disposición, elaborando los requisitos y formalidades que éstos deben satisfacer y las facultades del Director de la ODIN con relación a su remisión tardía.

Recientemente, en *In re Santiago Ortiz*, 191 D.P.R. 950 (2014), inequívocamente afirmamos que apartarse de alguna disposición contenida en la Ley Notarial o en su Reglamento expondría a un notario a sanciones disciplinarias graves. Véase, además *In re Da Silva Arocho*, 189 D.P.R. 888, 892 (2013). Esto, en atención a que no acatar rigurosamente las exigencias de la Ley Notarial y su Reglamento constituye una falta grave a los deberes que la fe pública notarial impone al notario. Véase *In re Miranda Casasnovas*, 175 DPR 774, 777 (2009). Así, el incumplimiento con el requisito de presentar los informes notariales que requieren los Artículos 12 y 13-A de la Ley Notarial menoscaba la fe pública investida en los notarios del País. Después de todo, "[l]os índices mensuales e informes anuales de actividad notarial garantizan la certeza de los documentos en los que intervienen los notarios y evitan el riesgo de

manipulación y fraude". *In re Santiago Ortiz*, 191 D.P.R. 950, 961 (2014).

Según se desprende de los hechos reseñados, el licenciado Cabrera Acosta incumplió con las disposiciones de la Ley Notarial y su Reglamento con relación a la remisión de los índices mensuales e informes anuales al Director de la ODIN por un periodo de casi cuatro años.[5] El licenciado Cabrera Acosta también incumplió con el requisito ineludible dispuesto en el Artículo 7 de la Ley Notarial, 4 L.P.R.A. sec. 2011. Este artículo exige, como requisito para ejercer la notaría en nuestra jurisdicción, la prestación de una fianza no menor de $15,000. Este requisito responde a la necesidad imperiosa de proteger el tráfico jurídico y la confianza que la ciudadanía deposita en los documentos notariales. Véase *In re Asencio Márquez*, 176 D.P.R. 598, 599 (2009).

Resulta preciso advertir que "[c]uando un notario contraviene una ley, como la Ley Notarial, incurre en una práctica que, al mismo tiempo, constituye una violación del Canon 18 del Código de Ética Profesional". *In re Muñoz Fernós*, 184 D.P.R. 679, 685 (2012). En la medida en que la dejadez y el incumplimiento del licenciado Cabrera Acosta con la Ley Notarial inciden sobre su responsabilidad como profesional del Derecho y garante de la fe pública que como

---

[5] Es importante señalar que, conforme al Artículo 60 de la Ley Notarial, 4 L.P.R.A. sec. 2095, los testimonios que no son incluidos en el índice notarial son anulables hasta tanto el notario subsane y certifique fehacientemente su cumplimiento con la remisión de los informes a la ODIN.

Notario se le encomienda, no tenemos otra alternativa que ordenar su suspensión inmediata del ejercicio de la notaría.

## III

De otra parte, es importante destacar que la dejadez y la falta de responsabilidad profesional del licenciado Cabrera Acosta trascienden el ámbito de la práctica de la Notaría. Como es sabido, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-B, impone la obligación a todo abogado y abogada de mantener sus datos actualizados en el RUA. Hemos sido enfáticos en recordarle a los miembros de la profesión legal que incumplir con esta obligación obstaculiza el ejercicio de nuestra jurisdicción disciplinaria. *In re Arroyo Rosado*, 191 D.P.R. 242 (2014). El incumplimiento con esta obligación, además, constituye fundamento suficiente para decretar la separación inmediata del ejercicio de la abogacía. *Id.*

Por otro lado, el Artículo 7 de la Ley Notarial, 4 L.P.R.A. sec. 2011, al detallar los requisitos para el ejercicio del notariado, establece que el notario está obligado a notificar a la ODIN de cualquier cambio en su residencia física o postal y la dirección de su oficina notarial dentro de los cinco (5) días siguientes al cambio. La actualización de esta información personal facilita la notificación por parte de la ODIN de requerimientos o deficiencias en la obra notarial.

En este caso, la ODIN intentó infructuosamente, en tres ocasiones distintas, notificar al licenciado Cabrera Acosta su incumplimiento con los requerimientos de la Ley Notarial relacionados con los índices mensuales y los informes anuales. Incluso, al intentar establecer contacto con el licenciado por vía telefónica, la ODIN se percató de que el número que constaba en el RUA estaba fuera de servicio. En el pasado, hemos sido categóricos al afirmar que los requerimientos que hace la ODIN a un notario se equiparan a aquellos que hace este Tribunal, por lo que deben ser atendidos con la misma premura y diligencia. Véase *In re Padilla Santiago*, 190 D.P.R. 535, 538 (2014).

De igual manera, hemos sostenido que eludir los requerimientos de este Tribunal constituye, de por sí, una falta ética independiente que podría conllevar la imposición de sanciones disciplinarias severas. *In re Chardón Dubós*, 191 D.P.R. 201, 207 (2014) ("[L]os abogados tienen una obligación inexcusable de responder diligentemente a nuestros requerimientos, así como a los de la ODIN y del Procurador General."). Como resultado de no haber actualizado su información en el RUA, la Resolución emitida por este Tribunal el 13 de mayo de 2015 no pudo ser diligenciada personalmente. Esto, a pesar de los múltiples esfuerzos realizados por los alguaciles de este Tribunal para dar con el paradero del licenciado. A esos efectos, su incomparecencia constituye una violación adicional a los preceptos éticos que rigen en nuestro ordenamiento.

Específicamente, el Canon 9 del Código de Ética Profesional dispone que todo "abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4. L.P.R.A. Ap. IX, C. 9. Como anticipamos, al interpretar esta disposición, hemos afirmado que un abogado que incumple con las órdenes de este Tribunal demuestra menosprecio hacia nuestra autoridad e infringe el referido Canon 9. Véase *In re: Chardón Dubós*, 191 D.P.R. 201 (2014). Consiguientemente, procede la suspensión indefinida e inmediata de la abogacía y la notaría cuando un abogado ignora los requerimientos de la ODIN y de este Tribunal. Véase *id*; *In re Montes Díaz*, 184 DPR 90, 94 (2011); *In re Torres Rodríguez*, 163 DPR 144, 148 (2004).

**IV**

El informe presentado por el Director de la ODIN en este caso apunta a un incumplimiento craso y reiterado por parte del licenciado Cabrera Acosta con distintos preceptos de la Ley Notarial y el Reglamento de este Tribunal. Además, el licenciado no compareció ante este Tribunal cuando le fue requerido mediante resolución. Resulta forzoso, pues, ordenar la suspensión inmediata e indefinida del licenciado Cabrera Acosta del ejercicio de la abogacía y la notaría. Además, concedemos un término de quince (15) días al licenciado Cabrera Acosta para certificar su cabal cumplimiento con los requerimientos de la Ley Notarial y la actualización de sus datos personales en el RUA. El licenciado Cabrera Acosta también deberá acreditar el pago

de su fianza notarial para los años 2011, 2012, 2013, 2014 y 2015.

Por último, el licenciado Cabrera Acosta tiene el deber de notificar a todos sus clientes de su inhabilidad de continuar representándolos, devolver los honorarios recibidos por trabajos no realizados e informar prontamente de su suspensión a los foros judiciales y administrativos del País. Deberá presentar una certificación a esos efectos dentro de los treinta (30) días siguientes a la notificación de esta Opinión *Per Curiam*. En atención al hecho de que el licenciado Cabrera Acosta presuntamente se encuentra fuera de Puerto Rico, la notificación deberá, además, enviarse vía correo certificado con acuse de recibo a la dirección obtenida mediante el sistema ROCIC.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re*<br><br>César R. Cabrera Acosta | TS-17,371 |

SENTENCIA

San Juan, Puerto Rico, a 7 de julio de 2015

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, ordenamos la suspensión inmediata e indefinida del licenciado Cabrera Acosta del ejercicio de la abogacía y la notaría. Además, concedemos un término de quince (15) días al licenciado Cabrera Acosta para certificar su cabal cumplimiento con los requerimientos de la Ley Notarial y la actualización de sus datos personales en el RUA. El licenciado Cabrera Acosta también deberá acreditar el pago de su fianza notarial para los años 2011, 2012, 2013, 2014 y 2015.

El licenciado Cabrera Acosta tiene el deber de notificar a todos sus clientes de su inhabilidad de continuar representándolos, devolver los honorarios recibidos por trabajos no realizados e informar prontamente de su suspensión a los foros judiciales y administrativos del País. Deberá presentar una certificación a esos efectos dentro de los treinta (30) días siguientes a la notificación de la Opinión *Per Curiam*. En atención al hecho de que el licenciado Cabrera Acosta presuntamente se encuentra fuera de Puerto Rico, la notificación deberá, además, enviarse vía correo certificado con acuse de recibo a la dirección obtenida mediante el sistema ROCIC.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera García no intervino.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo