EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2016 TSPR 103 |
| | 195 DPR ____ |
| Héctor Luis Torres Dávila | |

Número del Caso: TS-13,648

Fecha: 17 de mayo de 2016

Oficina de Inspección de Notarías:

    Lcdo. Manuel Ávila de Jesús
    Director

Materia: La suspensión será efectiva el 6 de junio de 2016, fecha en que se le notificó por correo al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re

Héctor Luis Torres Dávila

TS-13,648

***PER CURIAM***

San Juan, Puerto Rico, a 17 de mayo de 2016.

Hoy nos corresponde ejercer nuevamente nuestro poder disciplinario y ordenar la suspensión inmediata e indefinida de un miembro de la profesión jurídica por incumplir con los requisitos de la Oficina de Inspección de Notarías (ODIN) y no acatar las órdenes de este Tribunal.

A tales fines, procedemos a delimitar los hechos que nos mueven a imponer las medidas disciplinarias correspondientes.

I

El Lcdo. Héctor Luis Torres Dávila (licenciado Torres Dávila) fue admitido al ejercicio de la abogacía el 30 de enero de 2001 y prestó juramento como notario el 16 de marzo de 2001. El 8 de diciembre de 2015, la ODIN, a través de su Director el Lcdo. Manuel E. Ávila De Jesús, compareció ante este Foro mediante *Moción en auxilio del tribunal para incautación de obra notarial y otros remedios*. En ésta, indicó que el licenciado Torres Dávila no ha atendido los señalamientos de deficiencias notificados sobre la obra protocolar formada para el 2004, 2005, 2006, 2008 y 2009, en particular las deficiencias arancelarias. Además, el abogado cerró su sede notarial y trasladó la obra protocolar a una nueva dirección física, sin contar con la autorización expresa de la ODIN.

Por otro lado, el licenciado Torres Dávila adeuda los informes de actividad notarial mensual de junio de 2001, octubre de 2011, enero a diciembre de 2012 y desde diciembre de 2013 hasta el presente, así como los informes estadísticos de actividad notarial anual correspondientes al 2012, 2013 y 2014. El licenciado Torres Dávila tampoco ha pagado su fianza notarial desde el 2011 hasta el presente. Además, el abogado no tiene

actualizada su información en el Registro Único de Abogados (RUA).[1]

A esos fines, la ODIN le hizo varios requerimientos al licenciado Torres Dávila. En particular, le solicitó la entrega de su obra protocolar y completar los trámites relacionados al proceso de cesación voluntaria del ejercicio de la notaría. No obstante, las gestiones realizadas por la ODIN han resultado infructuosas.

Ante tales circunstancias, el 23 de diciembre de 2015, emitimos una Resolución en la cual se ordenó la incautación de la obra notarial del licenciado Torres Dávila.[2] A su vez, le concedimos un término de treinta días al abogado para que subsanara las deficiencias que le fueron notificadas, acreditara el pago de la fianza notarial para los años en controversia y rindiera los informes adeudados. Finalmente, se le otorgó un término improrrogable de diez días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía y la notaría.

Luego de incautar y examinar la obra protocolar del licenciado Torres Dávila, el 1 de marzo de 2016 la ODIN presentó *Informe sobre estado de obra incautada*, en el cual nos notificó las múltiples deficiencias encontradas

---

[1] El 24 de febrero de 2015, la Lcda. Ana C. Díaz Velasco, Directora Auxiliar de la Oficina de Inspección de Notarías, recibió una llamada telefónica del Lcdo. Héctor Luis Torres Dávila quien le confirmó que reside en el estado de Florida.

[2] Archivada en autos la copia de la notificación de la Resolución el 23 de diciembre de 2015.

en la obra protocolar del abogado. Entre éstas se encuentran: protocolos sin encuadernar; ausencia de índice, nota de cierre y foliación al margen superior del protocolo; falta de sello y rúbrica del notario; omisión de cancelar los sellos de rentas internas y de la Sociedad para la Asistencia Legal; ausencia de circunstancias personales de las partes comparecientes, método de identificación y firmas de los otorgantes; y extravío de instrumentos públicos autorizados. Transcurridos los términos concedidos, el licenciado Torres Dávila aún no ha comparecido ante este Tribunal.

II

Nuestro Código de Ética Profesional establece las normas mínimas de conducta que deben regir a los miembros de la ilustre profesión de la abogacía en el desempeño de sus funciones.[3] Con el propósito de mantener la excelencia de la clase togada, reiteradamente hemos enfatizado la obligación que tienen los abogados de cumplir fiel y cabalmente con todos los cánones de ética que rigen nuestra profesión.[4]

Entre las disposiciones de mayor envergadura en nuestro ordenamiento jurídico se encuentra el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, que le impone

---

[3] *In re* De Jesús Román, 192 DPR 799, 802 (2015); Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX. Véanse también: *In re* Cepero Rivera *et al.*, res. el 24 de junio de 2015, 2015 TSPR 119, 193 DPR ___ (2015); *In re* López González *et al.*, res. el 24 de junio de 2015, 2015 TSPR 107, 193 DPR ___ (2015).

[4] In re Sosa Suárez, 191 DPR 261, 261-262 (2014).

al abogado el deber de "observar para con los tribunales una conducta que se caracterice por el mayor respeto". La desatención de las órdenes y los requerimientos judiciales constituye un serio agravio a la autoridad de los tribunales, lo que representa una infracción al Canon 9.[5] Por tal motivo, los abogados tienen una obligación inexcusable de atender y responder pronta y rigurosamente nuestras órdenes y requerimientos, en especial aquellos referentes a la investigación, tramitación y resolución de quejas y procesos disciplinarios.[6] Ello, independientemente de los procedimientos iniciados en su contra.[7]

Asimismo, sabemos que todo notario está obligado a cumplir cabalmente con la Ley Notarial de Puerto Rico, 4 LPRA sec. 2001 *et seq.*, y el Reglamento Notarial de Puerto Rico, 4 LPRA Ap. XXIV.[8] Su importancia es de tal magnitud que desacatar los requerimientos cursados por la ODIN equivale a ignorar las órdenes de este Tribunal.[9] El abogado debe ser cuidadoso y tiene el deber de desempeñarse con esmero, diligencia y estricto celo

---

[5] *In re* Bryan Picó, 192 DPR 246, 251 (2015); *In re* Martínez Romero, 188 DPR 511, 514-515 (2013).

[6] *In re* Bryan Picó, *supra*; *In re* Vera Vélez, *supra*.

[7] *In re* Martínez Romero, *supra*, pág. 115.

[8] *In re* Santaliz Martell, res. el 14 de marzo de 2016, 2016 TSPR 45, 194 DPR ___ (2016).

[9] *Íd.*; *In re* Rodríguez Zayas, res. el 11 de diciembre de 2015, 2015 TSPR 175, 194 DPR ___ (2015).

profesional.[10] Por lo tanto, el incumplimiento con estas fuentes de obligaciones y deberes los expone a la acción disciplinaria correspondiente.[11]

Por otro lado, en múltiples instancias hemos señalado que el notario es el custodio de los protocolos y que tiene la obligación de guardarlos y conservarlos responsablemente para que no se pierdan o deterioren.[12] Sabido es que la custodia y conservación de los protocolos es de vital importancia para la protección e integridad de los mismos.[13] Tan importante es el deber de custodia de los protocolos que el Art. 53 de la Ley Notarial, 4 LPRA sec. 2077, prohíbe su remoción de la oficina del notario, a menos que exista un decreto judicial a esos fines o una autorización de la ODIN.[14]

En armonía con la Ley Notarial, *supra,* el Reglamento Notarial también prohíbe el traslado físico de los protocolos de la oficina del notario, excepto cuando se obtenga previamente una autorización del Director de la ODIN.[15] Solo se puede prescindir del requisito de

---

[10] *In re* Santaliz Martell, *supra*; *In re* Martínez Sotomayor, 189 DPR 492, 499 (2013).

[11] *Íd.*

[12] *In re* Morales Maldonado, res. el 24 de junio de 2015, 2015 TSPR 86, 193 DPR __ (2015); *In re* Rosenbaum, 189 DPR 115, 119 (2013); *In re* Sáez Burgos, 164 DPR 704, 707 (2005).

[13] *In re* Morales Maldonado, *supra*; *In re* Carrasquillo Martínez, 173 DPR 798, 803 (2008); *In re* Algarín Otero, 117 DPR 365, 369-370 (1986).

[14] *In re* Morales Maldonado, *supra*; *In re* Sánchez Quijano, 148 DPR 509, 512 (1999).

[15] 4 LPRA Ap. XXIV.

autorización previa de la ODIN cuando existe una emergencia y la integridad de los protocolos está en peligro.[16]

A su vez, el Art. 12 de la Ley Notarial de Puerto Rico, 4 LPRA sec. 2023, y la Regla 12 de su Reglamento, *supra*, dispone que todo notario tiene la obligación de rendir índices mensuales sobre sus actividades notariales no más tarde del décimo día calendario del mes siguiente al mes informado. De igual forma, los notarios tienen que remitir el índice mensual a ODIN aun cuando no hayan tenido actividad notarial durante ese mes. En cuyo caso, éstos deberán enviar un informe negativo sobre la actividad notarial.[17]

A esos efectos, hemos señalado que "la omisión de rendir índices notariales es una falta grave a los deberes que le impone la investidura de la fe pública notarial al notario, y por ello tal conducta merece severas sanciones disciplinarias".[18] Además, hemos enfatizado que "dejar de enviar los referidos índices dentro del término exigido por ley puede prestarse a actuaciones de naturaleza grave y contribuir a la desviación de la fe pública que reviste a los notarios".[19]

---

[16] *Íd.*; *In re* Morales Maldonado, *supra*; *In re* Sáez Burgos*, supra.*

[17] 4 LPRA sec. 2023.

[18] *In re* Santaliz Martell, *supra*; *In re* Miranda Cassasnovas, 175 DPR 774, 778 (2009).

[19] *Íd.* Véanse también: *In re* Feliciano Lasalle, 175 DPR 110, 114 (2008); *In re* Montañez Miranda, 158 DPR 738 (2003); *In re* Alvarado Tizol*,* 122 DPR 587 (1988).

A su vez, este Tribunal ha señalado que cuando un notario contraviene la Ley Notarial, incurre en una práctica que constituye una violación del Canon 18 del Código de Ética Profesional.[20]

Por otra parte, la Regla 9 (j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, dispone que todos los abogados tienen "la obligación de mantener actualizados sus datos y realizar cualquier cambio en la información que consta en el Registro Único [de Abogados del Tribunal Supremo (RUA)]". Entre otras cosas, el abogado deberá notificar cualquier cambio en su dirección, teléfono, fax y correo electrónico. El incumplimiento de lo anterior también podrá conllevar la imposición de sanciones disciplinarias.[21] No olvidemos que cuando un letrado incumple con su deber de mantener al día su información de contacto, este obstaculiza el ejercicio de nuestra jurisdicción disciplinaria.[22]

III

El licenciado Torres Dávila ha desplegado una conducta temeraria en desatención a nuestra autoridad como foro regulador de la profesión legal. Éste ha incumplido reiteradamente con los apercibimientos y órdenes que, tanto este Tribunal como la ODIN, le hemos

---

[20] *In re* Cabrera Acosta, res. el 7 de julio de 2015, 2015 TSPR 96, 193 DPR ___ (2015); *In re* Muñoz Fernós, 184 DPR 679, 685 (2012).

[21] *In re* Bryan Picó, *supra*.

[22] *In re* Toro Soto, 181 DPR 654, 661 (2011).

remitido. Esa conducta constituye un craso incumplimiento con el Canon 9 del Código de Ética Profesional, *supra*. Además, el licenciado Torres Dávila ha incumplido con varias disposiciones de la Ley Notarial y su Reglamento, lo que representa gran menosprecio a la práctica de la profesión jurídica.

Por otro lado, su omisión de mantener informado a este Tribunal sobre su dirección actual ha obstaculizado el ejercicio de nuestra jurisdicción disciplinaria. Ante tales circunstancias, no dudaremos en tomar acción disciplinaria en contra de abogados que incumplan con nuestras órdenes o las de ODIN y que no demuestren interés en practicar la profesión de la abogacía en esta jurisdicción.

IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del licenciado Torres Dávila del ejercicio de la abogacía y la notaría.

El licenciado Torres Dávila deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar de su suspensión a todos los foros judiciales

y administrativos en los que tenga algún caso pendiente. Además, tiene la obligación de comunicarse con la ODIN para subsanar las deficiencias encontradas en su obra notarial y reponer la deuda arancelaria señalada en el *Informe sobre estado de obra incautada*, presentado por la ODIN el 1 de marzo de 2016. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta días, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In Re

Héctor Luis Torres Dávila

**TS-13648**




**SENTENCIA**


San Juan, Puerto Rico, a 17 de mayo de 2016.

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del licenciado Torres Dávila del ejercicio de la abogacía y la notaría.

El licenciado Torres Dávila deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, tiene la obligación de comunicarse con la ODIN para subsanar las deficiencias encontradas en su obra notarial y reponer la deuda arancelaria señalada en el *Informe sobre estado de obra incautada*, presentado por la ODIN el 1 de marzo de 2016. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro

del término de treinta días, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.


                                    Juan Ernesto Dávila Rivera
                                    Secretario del Tribunal Supremo