EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:

Ileska Santaliz Martell | 2016 TSPR 45

194 DPR ____ |

Número del Caso: TS-16,449

Fecha: 14 de marzo de 2016

Oficina de Inspección de Notarías:

    Lcdo. Manuel Ávila de Jesús
    Director

Materia: Conducta Profesional – La suspensión será efectiva una vez advenga final y firme la Sentencia conforme a la Regla 45 del Reglamento del Tribunal Supremo.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re Ileska Santaliz Martell

TS-16,449

PER CURIAM

En San Juan, Puerto Rico, a 14 de marzo de 2016.

Nuevamente nos vemos obligados a ejercer nuestra facultad disciplinaria en contra de un miembro de la profesión legal por desatender los requerimientos de este Tribunal, apartándose así de las normas éticas que rigen la práctica de la abogacía. Conforme a lo detallado a continuación ordenamos la suspensión inmediata e indefinida de la Lcda. Ileska Santaliz Martell del ejercicio de la abogacía y de la notaría.

I

La Lcda. Ileska Santaliz Martell fue admitida al ejercicio de la abogacía el 20 de agosto de 2007 y al ejercicio de la notaría el 8 de octubre de 2007. Los hechos que dan lugar a esta acción disciplinaria son los siguientes.

El 14 de mayo de 2015 el Director de la Oficina de Inspección de Notarías (ODIN) presentó ante esta Curia un escrito titulado "Informe Especial sobre Incumplimiento de la Ley Notarial y Su Reglamento, y en Solicitud de Remedios" en el que nos informó que la licenciada Santaliz Martell había incumplido con su obligación de remitir a la ODIN sus índices de actividad notarial e informes estadísticos anuales. Específicamente, se nos informó que adeudaba un total de treinta y tres (33) Índices de Actividad Notarial Mensual y dos (2) Informes Estadísticos de Actividad Notarial Anual.

En el informe se hizo constar que se orientó a la notaria sobre el derecho aplicable, se le advirtió sobre la gravedad de la conducta desplegada y las consecuencias disciplinarias que acarrea tal incumplimiento. A esos fines, se le concedió un término de diez (10) días para rendir todos los documentos adeudados y expresar las razones de su reiterado incumplimiento. Surge de dicho informe todas las gestiones realizadas por la ODIN a los fines de que se cumpliera con la Ley Notarial y su Reglamento.

En respuesta a ello, el 2 de junio de 2015 emitimos una Resolución ordenando a la notaria a comparecer en un término de veinte (20) días, contado a partir de la notificación de la Resolución, para expresarse en relación al Informe Especial. Además, se le apercibió que su incumplimiento con la orden conllevaría sanciones severas, incluyendo la suspensión del ejercicio de la abogacía.

Así las cosas, el 28 de julio de 2015 compareció nuevamente el Director de la ODIN mediante una "Moción notificando incumplimiento de orden". En esta se detalla, entre otras cosas, que el término conferido a la licenciada Santaliz Martell había vencido sin que la licenciada hubiese cumplido con los requerimientos de esta Curia. Ante ello, se nos solicitó tomar conocimiento del incumplimiento incurrido por la notaria y emitir un pronunciamiento.

## II

En innumerables ocasiones hemos señalado que el ejercicio de la profesión jurídica requiere que todo abogado y abogada observe rigurosamente los requerimientos de este Tribunal.[1] La propia naturaleza pública de la profesión de la abogacía le impone al abogado y abogada el deber de responder oportunamente a todo requerimiento relacionado con investigaciones disciplinarias.[2]

---

[1] In re Cepero Rivera y otros, 2015 TSPR 119, 193 DPR __ (2015); In re Aponte Del Valle, 189 DPR 245, 249 (2013); In re Rivera Rosado, 180 DPR 698, 701 (2011); In re Morales Rodríguez, 179 DPR 766, 768 (2011).
[2] In re Prieto Rivera, 180 DPR 692, 697 (2011); In re Morales Rodríguez, supra, pág. 769; In re García Incera, 177 DPR 329, 331 (2009).

Por ello, como funcionarios de este Tribunal, los profesionales del Derecho tienen un deber ineludible de respetar, acatar y responder diligentemente nuestras órdenes.[3] Desatender dichas órdenes constituye una afrenta a la autoridad de los tribunales e infringe el Canon 9 del Código de Ética Profesional.[4] Por consiguiente, cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante los apercibimientos de sanciones disciplinarias, procede la suspensión inmediata del ejercicio de la profesión.[5]

Asimismo, sabemos que todo notario y notaria está obligado a cumplir cabalmente con la Ley Notarial de Puerto Rico[6] y el Reglamento Notarial de Puerto Rico.[7] Tanta es la importancia de esto que hemos enfatizado que desacatar los requerimientos cursados por la ODIN equivale a ignorar las órdenes de este Tribunal.[8] Este debe ser en extremo cuidadoso y tiene el deber de desempeñarse con esmero, diligencia y estricto celo profesional.[9] Por lo tanto, el incumplimiento con estas fuentes de obligaciones y deberes los expone a la acción disciplinaria correspondiente.[10]

---

[3] In re Rodríguez Zayas, 2015 TSPR 175, 194 DPR __ (2015).
[4] 4 LPRA Ap. IX; Id.; In re Dávila Toro, 2015 TSPR 79, 193 DPR __ (2015); In re Pacheco Pacheco, 192 DPR 553, 560 (2015); In re García Incera, supra, pág. 331.
[5] In re Feliciano Jiménez, 176 DPR 234, 235 (2009); In re Arzón Rivera, 175 DPR 763, 765 (2009).
[6] 4 LPRA sec. 2001 et seq.
[7] 4 LPRA Ap. XXIV.
[8] In re Rodríguez Zayas, supra, pág. 7.
[9] In re Martínez Sotomayor, 189 DPR 492, 499 (2013).
[10] Íd.

El Art. 12 de la Ley Notarial de Puerto Rico[11] y la Regla 12 de su Reglamento[12] dispone que todo notario tiene la obligación de rendir índices mensuales sobre sus actividades notariales no más tarde del décimo día calendario del mes siguiente al mes informado. De igual forma, los notarios tienen que remitir el índice mensual a ODIN aun cuando no hayan tenido actividad notarial durante ese mes. En cuyo caso, éstos deberán enviar un informe negativo sobre la actividad notarial.[13]

Hemos señalado que "la omisión de rendir índices notariales es una falta grave a los deberes que le impone la investidura de la fe pública notarial al notario, y por ello tal conducta merece severas sanciones disciplinarias".[14] De igual forma, hemos enfatizado que "dejar de enviar los referidos índices dentro del término exigido por ley puede prestarse a actuaciones de naturaleza grave y contribuir a la desviación de la fe pública que reviste a los notarios".[15]

Por otra parte, el Art. 48 de la Ley Notarial,[16] dispone la forma en que los notarios conservarán los protocolos. A tales fines, estos son responsables de su integridad y están sujetos a sanciones si se deterioran o

---

[11] 4 LPRA sec. 2023.
[12] 4 LPRA Ap. XXIV.
[13] 4 LPRA sec. 2023.
[14] In re Miranda Cassasnovas, 175 DPR 774,778 (2009).
[15] Íd. Véanse además, In re Feliciano Lasalle, 175 DPR 110, 114 (2008); In re Montañez Miranda, 158 DPR 738 (2003); In re Alvarado Tizol, 122 DPR 587 (1988).
[16] 4 LPRA sec. 2072.

pierden por su falta de diligencia.[17] El compromiso del notario es de tal grado en torno al cuidado de los protocolos que el Art. 48 de la Ley Notarial de Puerto Rico, supra, impone sobre este la responsabilidad por el deterioro o la pérdida de estos. El notario vendrá obligado a reponerlos o restaurarlos a sus expensas.[18] Claro está, el que el notario cumpla con su deber no impide que este Tribunal le imponga unas sanciones o medidas disciplinarias adecuadas.[19]

## III

En el presente caso, la licenciada Santaliz Martell incumplió con su deber de responder diligente y oportunamente ante las órdenes y requerimientos de este Tribunal. Este cuadro fáctico se agrava ante el incumplimiento reiterado con su obligación de rendir los índices notariales mensuales e informes estadísticos anuales; deficiencias que al día de hoy no han sido subsanadas.

No empece a lo anterior y luego de una orden al respecto, la licenciada Santaliz Martell, aún no ha entregado su obra notarial completa ni ha cumplido con los requerimientos que le hiciera la ODIN en cuanto a sus índices notariales e informes estadísticos. Su actitud demuestra una falta de compromiso e indiferencia hacia la práctica del notariado.

---

[17] In re Rosenbaum, 189 DPR 115, 119 (2013).
[18] Íd.
[19] Íd.

IV

En vista de lo anterior, decretamos la suspensión indefinida e inmediata del ejercicio de la abogacía y de la notaría de la licenciada Santaliz Martell, según se le había apercibido. Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles los expedientes de casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. De igual manera, tendrá la responsabilidad de informar de su suspensión indefinida a cualquier foro judicial o administrativo de Puerto Rico en que tenga algún asunto pendiente. Deberá acreditar y certificar a este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra protocolar y sello notarial de la señora Santaliz Martell y entregarlos al Director de la ODIN para que realice la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ileska Santaliz Martell

TS-16,449

SENTENCIA

En San Juan, Puerto Rico, a 14 de marzo de 2016.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, suspendemos indefinidamente de la práctica de la abogacía y la notaria a la Lcda. Ileska Santaliz Martell. En vista de lo anterior, le imponemos el deber de notificar a todos sus clientes su inhabilidad de seguir representándolos, devolverles los expedientes de casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Se le ordena acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión Per Curiam y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra protocolar y sello notarial y entregarlos al Director de la Oficina de Inspección de Notarías para que realice la correspondiente investigación e informe.

Notifíquese personalmente.

Lo pronunció y manda el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo