EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Elfrick Méndez Morales | 2016 TSPR 90 <br><br> 195 DPR ____ |

Número del Caso: TS-10,947


Fecha: 11 de mayo de 2016


Oficina de Inspección de Notarías:

      Lcdo. Manuel E. Ávila De Jesús
      Director


Materia: Conducta Profesional – La suspensión será efectiva el 16 de mayo de 2016, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

   Elfrick Méndez Morales        TS-10,947

*PER CURIAM*

San Juan, Puerto Rico, a 11 de mayo de 2016.

Nuevamente nos vemos obligados a ejercer nuestra facultad disciplinaria en contra de un miembro de la profesión jurídica que ha incumplido con los requisitos de la Oficina de Inspección de Notarías (ODIN) y no ha acatado las órdenes de este Tribunal.

En atención a la inobservancia de los preceptos antes establecidos, suspendemos al Lcdo. Elfrick Méndez Morales (licenciado Méndez Morales) de forma inmediata e indefinida de la abogacía y la notaría.

I

El licenciado Méndez Morales fue admitido al ejercicio de la abogacía el 6 de julio de 1994 y prestó juramento como notario el 17 de febrero de 1995. El 8 de septiembre de 2015, la ODIN, a través de su Director el Lcdo. Manuel E. Ávila De Jesús, compareció ante este Foro mediante *Informe especial sobre incumplimiento de la Ley Notarial Puerto Rico y su Reglamento y en solicitud de remedios* (Informe). En éste, indicó que se le había notificado al licenciado Méndez Morales que adeudaba veintinueve índices mensuales de actividad notarial y cuatro informes estadísticos anuales de actividad notarial. Por ello, la ODIN le concedió un término de diez días para que el abogado se expresara al respecto.

Así las cosas, el 19 de febrero de 2015, el licenciado Méndez Morales presentó una misiva ante la ODIN. En la misma, señaló que no autorizaba documentos notariales desde hacía varios años y que pensó erróneamente que no podía presentar los índices mensuales de actividad notarial de forma impresa. A esos efectos, se comprometió a presentar a tiempo los futuros informes.

El 26 de febrero de 2015, la ODIN emitió una Resolución en la cual le reiteró al licenciado Méndez Morales la importancia de cumplir con la presentación de los informes estadísticos anuales y los índices mensuales de actividad notarial dentro de los términos correspondientes. Además, le apercibió que de presentar nuevamente de forma tardía los mencionados informes, se referiría el asunto automáticamente al Tribunal Supremo.

El 2 de septiembre de 2015, el licenciado Méndez Morales presentó ante la ODIN una *Moción explicativa* junto a siete índices mensuales de actividad notarial negativa, correspondientes a los meses de marzo hasta septiembre de 2015. En la referida moción, indicó que debido a la carga de trabajo y a que actualmente no realiza trabajo notarial olvidó presentar los índices a tiempo, por lo cual solicitó que la ODIN excusara su inobservancia y aceptara la presentación tardía de los informes. No obstante, el licenciado Méndez Morales no cumplió con la presentación de los restantes índices. Por ello, el Director de la ODIN presentó el Informe ante este Foro.

Así las cosas, el 28 de septiembre de 2015 emitimos una Resolución, en la cual le concedimos un término final de veinte días al licenciado Méndez Morales para que mostrara causa por la cual no debía ser sancionado por transgredir la Ley Notarial de Puerto Rico, el Reglamento Notarial y el Canon 18 de Ética Profesional.[1] Además, se le apercibió que su incumplimiento resultaría en la suspensión inmediata e indefinida del ejercicio de la abogacía. El notario aún no ha comparecido ante este Tribunal.

## II

El Tribunal Supremo de Puerto Rico tiene el poder inherente de regular la profesión y, como tal, nos corresponde asegurar que los miembros admitidos a la práctica de la abogacía y la notaría ejerzan sus funciones de manera

---

[1] Archivada en autos la copia de la notificación de la Resolución el 29 de septiembre de 2015.

responsable, competente y diligente.[2] Con el propósito de mantener la excelencia de la clase togada, reiteradamente hemos enfatizado la obligación que tienen los abogados de cumplir fiel y cabalmente con todos los cánones de ética que rigen nuestra profesión.[3]

Entre las disposiciones de mayor envergadura en nuestro ordenamiento jurídico se encuentra el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, que le impone al abogado el deber de "observar para con los tribunales una conducta que se caracterice por el mayor respeto". La desatención de las órdenes y los requerimientos judiciales constituye un serio agravio a la autoridad de los tribunales, lo que representa una infracción al Canon 9.[4] Por tal motivo, los abogados tienen una obligación inexcusable de atender y responder pronta y rigurosamente nuestras órdenes y requerimientos, en especial aquellos referentes a la investigación, tramitación y resolución de quejas y procesos disciplinarios.[5] Ello, independientemente de los procedimientos iniciados en su contra.[6]

Asimismo, sabemos que todo notario está obligado a cumplir cabalmente con la Ley Notarial de Puerto Rico, 4 LPRA sec. 2001 *et seq.*, y el Reglamento Notarial de Puerto Rico,

---

[2] *In re* Vera Vélez, 192 DPR 216, 226 (2015).

[3] *In re* Sosa Suárez, 191 DPR 261, 261-262 (2014).

[4] *In re* Bryan Picó, 192 DPR 246, 251 (2015); *In re* Martínez Romero, 188 DPR 511, 514-515 (2013).

[5] *In re* Bryan Picó, *supra*; *In re* Vera Vélez, *supra*.

[6] *In re* Martínez Romero, *supra*, pág. 515.

4 LPRA Ap. XXIV.[7] Su importancia es de tal magnitud que desacatar los requerimientos cursados por la ODIN equivale a ignorar las órdenes de este Tribunal.[8] El abogado debe ser cuidadoso y tiene el deber de desempeñarse con esmero, diligencia y estricto celo profesional.[9] Por lo tanto, el incumplimiento con estas fuentes de obligaciones y deberes los expone a la acción disciplinaria correspondiente.[10]

El Art. 12 de la Ley Notarial de Puerto Rico, 4 LPRA sec. 2023, y la Regla 12 de su Reglamento, *supra*, dispone que todo notario tiene la obligación de rendir índices mensuales sobre sus actividades notariales no más tarde del décimo día calendario del mes siguiente al mes informado. De igual forma, los notarios tienen que remitir el índice mensual a ODIN aun cuando no hayan tenido actividad notarial durante ese mes. En cuyo caso, éstos deberán enviar un informe negativo sobre la actividad notarial.[11]

A esos efectos, hemos señalado que "la omisión de rendir índices notariales es una falta grave a los deberes que le impone la investidura de la fe pública notarial al notario, y por ello tal conducta merece severas sanciones

---

[7] *In re* Santaliz Martell, res. el 14 de marzo de 2016, 2016 TSPR 45, 194 DPR ___ (2016).

[8] *Íd.*; *In re* Rodríguez Zayas, res. el 11 de diciembre de 2015, 2015 TSPR 175, 194 DPR ___ (2015).

[9] *In re* Santaliz Martell, *supra*; *In re* Martínez Sotomayor, 189 DPR 492, 499 (2013).

[10] *Íd.*

[11] 4 LPRA sec. 2023.

disciplinarias".[12] Además, hemos enfatizado que "dejar de enviar los referidos índices dentro del término exigido por ley puede prestarse a actuaciones de naturaleza grave y contribuir a la desviación de la fe pública que reviste a los notarios".[13] A su vez, este Tribunal ha señalado que cuando un notario contraviene la Ley Notarial, incurre en una práctica que constituye una violación del Canon 18 del Código de Ética Profesional.[14]

III

A pesar de los múltiples apercibimientos, tanto de este Tribunal como de la ODIN, el licenciado Méndez Morales ha desplegado una conducta temeraria en desatención a nuestra autoridad como foro regulador de la profesión legal. Esa conducta, en sí misma, constituye un craso incumplimiento con el Canon 9 del Código de Ética Profesional, *supra*. Por otro lado, el incumplimiento con las disposiciones de la Ley Notarial constituye una violación del Canon 18 de Ética Profesional, *supra*. Al igual que en otras ocasiones, no dudaremos en tomar acción disciplinaria en contra de abogados que incumplan tanto con nuestras órdenes y las de ODIN, como con las disposiciones de la Ley Notarial y su Reglamento.

---

[12] *In re Santaliz Martell*, *supra*; In re Miranda Cassasnovas, 175 DPR 774,778 (2009).

[13] *Íd.* Véanse además, In re Feliciano Lasalle, 175 DPR 110, 114 (2008); *In re* Montañez Miranda, 158 DPR 738 (2003); *In re* Alvarado Tizol, 122 DPR 587 (1988).

[14] *In re* Cabrera Acosta, res. el 7 de julio de 2015, 2015 TSPR 96, 193 DPR ___ (2015); *In re* Muñoz Fernós, 184 DPR 679, 685 (2012).

IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del licenciado Méndez Morales del ejercicio de la abogacía y la notaría.

El licenciado Méndez Morales deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta días, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del licenciado Méndez Morales y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:

    Elfrick Méndez Morales        TS-10,947


**SENTENCIA**


San Juan, Puerto Rico, a 11 de mayo de 2016.

      Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del licenciado Méndez Morales del ejercicio de la abogacía y la notaría.

      El licenciado Méndez Morales deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta días, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del **Lcdo. Elfrick Méndez Morales** y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo