EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Isamar Marichal Morales | 2016 TSPR 115<br><br>195 DPR ____ |

Número del Caso: TS-11860
                 AB-2013-109


Fecha: 2 de junio de 2016


Oficina de Inspección de Notarías:

        Lcdo. Manuel E. Ávila de Jesús
        Director


Oficina de la Procuradora General Auxiliar:

        Lcda. Karla Pacheco Álvarez
        Subprocuradora General

        Lcda. Yaizamarie Lugo Fontanez
        Procuradora General Auxiliar


Materia: La suspensión será efectiva el 7 de junio de 2016, fecha en que se le notificó a la abogada de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Isamar Marichal Morales        TS-11,860        Conducta
                         Núm.AB-2013-0109        Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 2 de junio de 2016.

En el presente caso decretamos la separación inmediata e indefinida de la Lcda. Isamar Marichal Morales (licenciada Marichal Morales) del ejercicio de la abogacía y la notaría, por razón del craso patrón de incumplimiento asumido por la letrada ante las órdenes de este Tribunal y los requerimientos de las dependencias encargadas de asistirnos en la tarea de reglamentar la profesión legal, así como por obstaculizar el ejercicio de nuestra facultad disciplinaria. Veamos.

I

A. **TS-11,860:** *Señalamientos del Director de la Oficina de Inspección de Notarías*

El **15 de mayo de 2015** el Lcdo. Manuel E. Ávila De Jesús, Director de la Oficina de Inspección de Notarías (Director de la ODIN), presentó un *Informe Especial* mediante el cual detalló el incumplimiento de la licenciada Marichal Morales con sus deberes notariales.[1] Según consta en dicho Informe, el **31 de octubre de 2014** el Director de la ODIN le envió una carta por correo certificado con acuse de recibo a la abogada de epígrafe para indicarle que adeudaba catorce (14) índices de actividad notarial mensual.[2] Cónsono a lo anterior, le confirió un término de diez (10) días calendario para someterlos y explicar las razones de su reiterado incumplimiento. A pesar de haber sido dirigida a la dirección de notificaciones oficiales que obra en el Registro Único de Abogados y Abogadas (RUA), la carta no fue reclamada por la letrada ("*Return to Sender*, *Unclaimed, Unable to Forward*"), por lo que fue posteriormente devuelta por el Servicio Postal de los Estados Unidos (USPS).

Lo anterior provocó que el **15 de enero de 2015** el Director de la ODIN le tuviera que cursar a la licenciada

---

[1]   La Lcda. Isamar Marichal Morales (licenciada Marichal Morales) fue admitida al ejercicio de la abogacía el 16 de enero de 1997 y al de la notaría el 6 de abril de 1998.

[2]   Surge de una *Certificación* emitida el **29 de octubre de 2014** por la Jefa del Registro General de Competencias Notariales, la Sra. Johanna Díaz Burgos, que la abogada **omitió someter** los índices mensuales correspondientes a los siguientes meses:

        a. **enero, mayo, julio, octubre a diciembre de 2012;**
        b. **enero, junio, julio, septiembre, octubre y diciembre de 2013,** y
        c. **marzo y julio de 2014**

Marichal Morales una *Notificación Final*[,] *Requerimiento* [y] *Presentación* [de] *Índices Notariales […]* e *Informes Estadísticos de Actividad Notarial Adeudados*, en esta ocasión, por correo ordinario y correo electrónico. El Director de la ODIN hizo referencia al contenido de la primera carta y le concedió hasta el **30 de enero de 2015,** término final e improrrogable, para someter los índices mensuales adeudados junto con la justificación de rigor. Por último, le advirtió que de hacer caso omiso al requerimiento en cuestión, procedería a rendirle el informe correspondiente a este Tribunal.**3**

Por su parte, el **10 de marzo de 2015** la Sra. Rosalinda M. Guevara (señora Guevara), funcionaria de la Unidad de Informes Notariales de la ODIN, dirigió a la letrada una *Solicitud de Índices Adeudados* **a la misma dirección postal** a la cual el Director de la ODIN le había estado enviando sus notificaciones. En su comunicación, le instó presentar los índices de actividad notarial mensual correspondientes a **marzo, julio, septiembre y noviembre de 2014**. Le informó, además, que de no tener constancia de haber sometido estos documentos, debía presentarlos junto con una moción o carta donde expusiera las razones de su tardanza.

Cónsono a lo anterior, el **18 de marzo de 2015**, la licenciada Marichal Morales respondió a la carta de la señora Guevara. Indicó que había examinado sus expedientes, pero no

---

**3** Del Informe presentado por el Director de la Oficina de Inspección de Notarías, el Lcdo. Manuel E. Ávila De Jesús (Director de la ODIN), surge que la carta que le fuera enviada a la abogada por correo ordinario no fue devuelta.

había podido hallar las copias ponchadas de los índices mensuales de referencia, supuestamente sometidos, por lo que preparó y acompañó con su comunicación los documentos correspondientes a los cuatro meses pendientes de 2014. En la misiva explicó que ella era la encargada de preparar y enviar los índices, y que no podía precisar la razón por la cual esos documentos adeudados no aparecían como enviados. Finalmente, justificó su proceder de la siguiente manera:

> Desde finales del año 2013 la abogada suscribiente ha tenido que dedicar gran parte de su tiempo a acompañar a su esposo a diversos procedimientos médicos por una situación de salud que aún al día de hoy no ha podido ser diagnosticada. Expresamos nuestras más sinceras excusas, ya que cualquier inadvertencia de nuestra parte puede haberse debido a esta situación y no a una intención de nuestra parte de desatender nuestras obligaciones bajo la Ley y el Reglamento Notarial.

Cabe destacar que la abogada guardó silencio sobre los índices de actividad notarial mensual adeudados, atinentes a los **años 2012 y 2013**. De la más reciente *Certificación* de **7 de mayo de 2015** incluida como anejo del Informe presentado, surge que la licenciada Marichal Morales no ha cumplido con presentar los documentos referentes a estos dos años[4] y que, además, **adeuda el Informe de Actividad Notarial Anual del 2014**.

Examinado el *Informe Especial* antes reseñado, el **2 de junio de 2015** le concedimos a la abogada veinte (20) días para que se expresara en torno al mismo. Además, le

---

[4] Específicamente, la susodicha certificación refleja que la abogada adeuda los índices notariales de los meses de **enero, mayo, julio, octubre, noviembre y diciembre de 2012**, así como los de los meses de **enero, junio, julio, septiembre, octubre y diciembre 2013**.

apercibimos que de incumplir con lo ordenado, se expondría a sanciones disciplinarias severas, incluyendo su suspensión de la abogacía.

El Director de la ODIN compareció el **30 de julio de 2015** para informarnos que había vencido el término otorgado a la notaria sin que ésta hubiese dado cumplimiento a lo ordenado por esta Curia. Por tal razón, el **26 de febrero de 2016** le concedimos un término de siete (7) días para que mostrara causa por la cual no debíamos separarla de la profesión legal. Nuestra Resolución a dichos efectos le fue notificada personalmente a la abogada a través de la Oficina del Alguacil de este Tribunal. Al presente, la licenciada ha optado por ignorar nuestras órdenes.[5]

**B. AB-2013-0109:** *Requerimientos de la Oficina de la Procuradora General*

El **26 de marzo de 2013** los Srs. Luis E. Pérez Collazo y Carmen D. Rivera Alicea (señores Pérez y Rivera o promoventes) presentaron una Queja en contra de la licenciada Marichal Morales. Adujeron que el **1 de octubre de 2010** habían suscrito un contrato de servicios profesionales con la abogada para que presentara una demanda en contra del Banco Popular de Puerto Rico por cerrarles una cuenta "por muerte". En esa misma fecha, los promoventes afirmaron haberle entregado seiscientos dólares ($600) a la licenciada Marichal

---

[5] El **5 de abril de 2016** el Director de la ODIN presentó un escrito mediante el cual nos indicó que el término que le fuera concedido a la abogada de epígrafe había vencido, sin que ésta atendiera el asunto vertido en la **Resolución de 26 de febrero de 2016**.

Morales.[6]  Al momento de presentar la Queja, plantearon que la abogada no había cumplido con la gestión encomendada, razón por la que solicitaron la devolución del dinero que le habían entregado.

El **12 de abril de 2013** la Lcda. Camelia Montilla Alvarado, Subsecretaria de este Tribunal (Subsecretaria) para dicha fecha, le remitió copia de la susodicha Queja a la licenciada Marichal Morales con una notificación en la que, entre otras cosas, le indicó que debía reaccionar a la misma en un término de diez (10) días.  A solicitud de la letrada de epígrafe, el **13 de mayo de 2013** la Subsecretaria le concedió una prórroga de diez (10) para que presentara su contestación.[7]  Ante la inacción de la abogada, mediante comunicación de **25 de junio de 2013**, la Subsecretaria reiteró su requerimiento anterior y le confirió otro término de diez (10) días.  Aún así, no contestó.

Evaluada la conducta de la licenciada Marichal Morales, el **23 de agosto de 2013** emitimos una Resolución mediante la cual le otorgamos un término final de cinco (5) días para que reaccionara a la Queja presentada en su contra y le advertimos que no acatar lo ordenado podría conllevar

---

**6**    Los Srs. Luis E. Pérez Collazo y Carmen D. Rivera Alicea (señores Pérez y Rivera o promoventes) plasmaron lo siguiente en la Queja presentada en contra de la abogada:

> Despu[é]s de años, m[ú]ltiples e[x]cusas o razones entendemos que no cumpli[ó].  Sentimos que nos minti[ó], evadi[ó] el regreso de llamadas o informarnos ciertamente del caso. […].
> Queja AB-2013-0109.

**7**    De su carta se desprende que la abogada recibió un pelotazo en el rostro, por lo que necesitó de ciertas intervenciones quirúrgicas.  Según manifestara la abogada en su comunicación escrita, tanto las molestias post-operatorias, así como los medicamentos recetados, le habían dificultado reintegrarse a sus labores.

sanciones disciplinarias severas, incluyendo su suspensión del ejercicio de la abogacía. No fue hasta el **18 de septiembre de 2013** que la abogada, finalmente, reaccionó a las alegaciones de los promoventes. En lo pertinente, la licenciada Marichal Morales manifestó que:

> Luego de haber solicitado una prórroga y haber sido concedida, **preparé esta contestación y por error u omisión nuestra, no fue remitida por correo**. Ciertamente, esta es la primera queja que se nos ha presentado en 17 años de profesión y desconocíamos un poco el proceso. Pedimos excusa por nuestro error y nos aseguraremos que no se repita. La abogada suscribiente fue contratada por los querellantes según el contrato que ha sido presentado. Durante el trámite del caso, la comunicación con los querellantes se dificultó pero nunca se nos solicitó la renuncia de la representación legal. La abogada […] está en la mejor disposición de devolver el depósito que solicitan los querellantes[,] así como el expediente del caso. *Contestación a la Queja*.

Después de que el expediente de la Queja fuese remitido a la Oficina de la Procuradora General para investigación e informe, el **30 de enero de 2014** dicha funcionaria nos presentó una *Moción Informativa y en Solicitud de Remedio*.[8] Según relató la Procuradora en su escrito, tras evaluar las comparecencias de las partes, entendió necesario obtener información adicional relacionada al desempeño de la letrada en la gestión profesional que le fuera encomendada por los señores Pérez y Rivera.[9] Por esta razón, le remitió por

---

[8]  El expediente de la Queja fue referido a la atención de la Oficina de la Procuradora General (Procuradora) el **22 de octubre de 2013**.

[9]  Originalmente, el **18 de diciembre de 2013** la Procuradora sometió un escrito mediante el cual nos solicitó un término adicional de cuarenta y cinco (45) días para obtener información adicional atinente a los trámites realizados por la letrada a favor de sus clientes y para evaluar cómo era la comunicación entre las partes.

correo regular y por correo certificado un requerimiento de información a la abogada que debía ser contestado **en o antes del 23 de diciembre de 2013.** No obstante, la comunicación enviada por correo certificado no fue reclamada ("*Return to Sender, Unclaimed, Unable to Forward*"). La Procuradora expresó que, a pesar de las prórrogas concedidas, la letrada no contestó el requerimiento de información que le fuera cursado por su oficina.[10]

El **28 de marzo de 2014** la Procuradora sometió una *Moción Informativa y Reiterando Solicitud de Remedio*, mediante la cual solicitó, entre otras cosas, que tomáramos conocimiento de la inacción de la letrada. En vista de ello, el **19 de mayo de 2014,** le concedimos a la licenciada Marichal Morales diez (10) días para que atendiera la solicitud de la Procuradora y, en igual término, compareciera ante esta Curia a exponer las razones de su conducta. Se le apercibió que el incumplimiento podría conllevar sanciones disciplinarias severas, como su suspensión del ejercicio de la profesión.

El **28 de octubre de 2014** la Procuradora nos presentó un Informe en el que detalló el patrón de conducta antes relatado.[11] Así las cosas, mediante Resolución de **28 de**

---

**10** Del escrito presentado por la Procuradora consta, además, que el **23 de diciembre de 2013** la abogada solicitó mediante correo electrónico hasta el **7 de enero de 2014** para responder al requerimiento de información que le fuera cursado, pero se le otorgó hasta el **10 de enero de 2014.** Vencido el término conferido para actuar, el **14 de enero de 2014** la licenciada Marichal Morales remitió otro mensaje de correo electrónico para informar que su esposo estaba confrontando una situación de salud que le había imposibilitado volver a trabajar, por lo que pidió hasta el **20 de enero de 2014,** a lo cual la Procuradora accedió.

**11** El **1 de agosto de 2014** la Procuradora nos sometió un escrito para informarnos que a esa fecha la abogada no había comparecido a esa dependencia ni había cumplido con suplir la información que le fuera solicitada.

**abril de 2015** le concedimos un término de veinte (20) días a la licenciada Marichal Morales para que se expresara en torno al Informe presentado por la Procuradora. Asimismo, se le advirtió que, de no actuar en el término provisto, se entendería allanada a las recomendaciones plasmadas en el mismo.

Examinada la *Moción Informativa y en Solicitud de Remedio* presentada por la Procuradora y surgiendo del expediente que la letrada no había observado lo ordenado en la Resolución anterior, el **26 de febrero de 2016** le concedimos siete (7) días para que mostrara causa por la cual no debía ser suspendida del ejercicio de la abogacía. A pesar de las múltiples oportunidades que le fueron conferidas a la licenciada Marichal Morales, optó por ignorar nuestras órdenes y desatender el trámite de la acción disciplinaria.

## II

### A. Canon 9: Conducta del Abogado ante los Tribunales y ante las Entidades Judiciales

El Código de Ética Profesional contempla las pautas mínimas que deben regir el desempeño de los miembros de la abogacía en nuestra jurisdicción, tanto para beneficio de la ciudadanía, la profesión, como para las instituciones de justicia. In re Crespo Peña, 2016 TSPR 65, 195 DPR ___ (2016). En lo pertinente, el Canon 9 del mismo cuerpo normativo, 4 LPRA Ap. IX, C. 9 (2012) (Canon 9) exige a cada "abogado observar para con los tribunales una conducta que se caracterice por el mayor respeto". Cónsono con lo anterior, todo profesional del Derecho tiene la obligación de observar

responsable, diligente y oportunamente cada uno de los mandatos emitidos por los foros judiciales. In re Crespo Peña, *supra*. En otras palabras, "[l]a naturaleza de la función del abogado requiere de éste una escrupulosa atención y obediencia a las órdenes que emiten los tribunales". In re Ezratty Samo, *et al.*, 2016 TSPR 19, 194 DPR ___ (2016), pág. 8, citando a In re Dávila Toro, 179 DPR 833, 840 (2010).

Ello incluye el **deber de acatar y responder con diligencia nuestros decretos**, principalmente aquellos relacionados a un proceso disciplinario. In re Santaliz Martell, 2016 TSPR 45, 194 DPR ___ (2016); In re Santiago Rodríguez, 2016 TSPR 43, 194 DPR ___ (2016); In re Rodríguez Zayas, 2015 TSPR 175, 194 DPR ___ (2015). Lo contrario, una actitud pasiva y displicente ante nuestras órdenes y apercibimientos, constituye una afrenta directa a la autoridad de este Tribunal y a nuestro poder inherente de regular el ejercicio de la profesión legal, que transgrede el Canon 9 y que acarrea la suspensión inmediata e indefinida de la abogacía. In re Santaliz Martell, *supra*; In re Nieves Vázquez, *et al.*, 2016 TSPR 22, 194 DPR ___ (2016); In re Rodríguez Zayas, *supra*. "Idéntica consecuencia supone el incumplir con los requerimientos de entidades a las cuales le hemos delegado alguna función en la tarea de regular el ejercicio de la profesión, como lo son la Oficina de la Procuradora General, la Oficina de Inspección de Notarías y

la Junta del P[rograma] [de] E[ducación] J[urídica] C[ontinua]".[12]   In re Ezratty Samo, *et al.*, *supra*, págs. 8-9.

## B. Regla 9(j) del Tribunal Supremo: Actualización de la Información en el RUA

En lo pertinente, la Regla 9(j) del Reglamento de este Tribunal, obliga a todo abogado a mantener actualizada su información personal en la base de datos del Registro Único de Abogados y Abogadas (RUA).[13]   4 LPRA Ap. XXI-B, R. 9(j) (2012) (Regla 9(j)). El fiel cumplimiento con este precepto reglamentario garantiza el ejercicio eficaz de nuestra facultad de velar porque los miembros de la clase togada cumplan con sus deberes ético-profesionales, es decir, que atiendan con prontitud y diligencia las comunicaciones que se le remitan. In re Nieves Vázquez, *et al.*, *supra*; In re Ezratty Samo, *et al.*, *supra*. Lo contrario, no tan solo obstaculiza el ejercicio de nuestra autoridad disciplinaria, sino que además constituye, por sí mismo, un fundamento suficiente para decretar la separación inmediata e indefinida de un abogado de la práctica de la profesión legal. In re Nieves Vázquez, *et al.*, *supra*. In re Álvarez Westwood, *et al.*, 2016 TSPR 46, 194 DPR ___ (2016).

---

[12]   Todo notario está obligado a observar, tanto la Ley Notarial de Puerto Rico, 4 LPRA sec. 2001 *et seq*. (2010 y Sup. 2015), como su Reglamento, 4 LPRA Ap. XXIV, R. 1 *et seq*. (2012). "[É]ste debe ser en extremo cuidadoso y tiene el deber de desempeñarse con esmero, diligencia y estricto celo profesional". In re Santaliz Martell, 2016 TSPR 45, 194 DPR ___ (2016); In re Santiago Rodríguez, 2016 TSPR 43, 194 DPR ___ (2016). Cónsono con lo anterior, el fallar a sus deberes los somete a la facultad disciplinaria de este Tribunal. In re Santaliz Martell, *supra*; In re Santiago Rodríguez, *supra*.

[13]   De acuerdo al texto de la Regla 9(j) del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, R. 9(j) (2012), los abogados tienen que actualizar la siguiente información en la base de datos del Registro Único de Abogados y Abogadas (RUA): los números de teléfono de su oficina, el personal y el fax; su dirección postal personal y de la oficina; la dirección física de su residencia y de su oficina; la localización de oficina notarial, si la tiene; la dirección seleccionada para recibir las notificaciones, y su dirección de correo electrónico.

**III**

La conducta desplegada por la licenciada Marichal Morales revela un patrón de desdén y desafío a la autoridad de este Tribunal que nos parece inexcusable. Si bien la licenciada Marichal Morales indicó en un momento determinado estar atravesando por una situación personal que ha limitado su práctica del Derecho, ello no justifica el abandono de sus deberes ético profesionales. Pese a todo el tiempo transcurrido y a las múltiples oportunidades que le fueron concedidas, la abogada no realizó esfuerzo alguno que denotara su intención de cumplir con las órdenes de esta Curia o con los requerimientos de la ODIN y de la Procuradora, en patente desafío al Canon 9 de Ética Profesional.

Es pertinente destacar que la licenciada Marichal Morales hizo caso omiso a los requerimientos de la ODIN y de la Oficina de la Procuradora General, entidades judiciales que nos sirven de apoyo en la delicada tarea de regular la profesión legal. Con su falta de diligencia, además, provocó que en más 0de una ocasión las notificaciones que le fueran remitidas llegaran devueltas. Además, ignoró nuestras órdenes y se desvinculó de todo el trámite disciplinario en su contra. Ciertamente, este Tribunal no va a tomar livianamente la actitud de indiferencia y menosprecio de un abogado hacia nuestras órdenes.

**IV**

De conformidad con los fundamentos antes expuestos, decretamos la **suspensión inmediata e indefinida de la Lcda. Isamar Marichal Morales del ejercicio de la abogacía y de la notaría a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.**

Por tal razón, le ordenamos notificar a todos sus clientes de su inhabilidad para continuar representándolos. Asimismo, se le ordena que devuelva a sus clientes tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos. Se le impone, además, la obligación de informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Por último, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial de la abogada suspendida, Sra. Isamar Marichal Morales, y los entregará al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Notifíquese **personalmente** esta Opinión *Per Curiam* y Sentencia a la Sra. Isamar Marichal Morales a través de la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Isamar Marichal Morales            TS-11,860
Conducta

Núm.AB-2013-0109          Profesional

SENTENCIA

En San Juan, Puerto Rico a 2 de junio de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida de la Lcda. Isamar Marichal Morales del ejercicio de la abogacía y de la notaría a partir de la notificación de la Opinión *Per Curiam* que antecede y de esta Sentencia.

La Sra. Isamar Marichal Morales deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos. Asimismo, deberá devolverles tanto los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no realizados. Tendrá, además, la obligación de informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Por último, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de la Opinión *Per Curiam* que antecede y de esta Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial de la abogada suspendida, Sra. Isamar Marichal Morales, y los entregará al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Notifíquese la Opinión *Per Curiam* que antecede y esta Sentencia a la señora Marichal Morales personalmente a través de la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                              Juan Ernesto Dávila Rivera
                            Secretario del Tribunal Supremo