EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Rubie M. Alicea Martínez | 2016 TSPR 132<br><br>195 DPR ____ |

Número del Caso: AB-2014-109
                 AB-2014-426


Fecha: 22 de junio de 2016



Materia: **Conducta Profesional-**

La suspensión será efectiva el 23 de junio de 2016, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Rubie M. Alicea Martínez

AB-2014-109
AB-2014-426

*PER CURIAM*

En San Juan, Puerto Rico, a 22 de junio de 2016.

Nos vemos forzados a ordenar la suspensión indefinida de un miembro de la profesión legal por hacer caso omiso a los requerimientos de este Tribunal.

I.

La Lcda. Rubie M. Alicea Martínez fue admitida al ejercicio de la abogacía el 29 de agosto de 2006. El 31 de marzo de 2014, la Sra. Enid Sandra Calderón presentó la queja AB-2014-109 contra la licenciada Alicea Martínez. El 1 de mayo de 2014 y el 29 de agosto de 2014, la entonces Subsecretaria de este Tribunal, Lcda. Camelia Montilla Alvarado, cursó

comunicaciones a la licenciada Alicea Martínez concediéndole 10 días para contestar la queja presentada en su contra. Ante su incomparecencia, el 18 de noviembre de 2015 emitimos una Resolución concediéndole un término final de 5 días para contestar la queja. Le apercibimos que su incumplimiento podría conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión. A pesar de que la Resolución se le notificó personalmente, la licenciada Alicea Martínez no ha cumplido con nuestra orden.

Por otro lado, el 27 de octubre de 2014 el Sr. Juan Peña Colón presentó la queja AB-2014-426 contra la licenciada Alicea Martínez. El 1 de diciembre de 2014, la entonces Subsecretaria le envió una comunicación concediéndole 10 días para contestar la queja presentada en su contra. Posteriormente, el 16 de julio de 2015 la entonces Secretaria de este Tribunal, Hon. Aida Ileana Oquendo Graulau, le cursó una segunda notificación requiriéndole que contestara la queja en 10 días. Al no recibir contestación, emitimos una Resolución el 29 de septiembre de 2015 y le concedimos a la licenciada Alicea Martínez un término final e improrrogable de cinco días para que presentara su contestación. Le apercibimos que su incumplimiento podría conllevar sanciones disciplinarias severas, incluyendo la suspensión al ejercicio de la profesión. La Resolución se le notificó personalmente. Al presente, la licenciada tampoco ha contestado esta queja.

II.

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 9, requiere que los abogados y abogadas observen ante los tribunales una conducta que se caracterice por el mayor respeto. En consecuencia, hemos reiterado que un miembro de la profesión legal infringe el Canon 9 y procede su suspensión del ejercicio de la profesión cuando desatiende nuestras órdenes y se muestra indiferente ante nuestros apercibimientos de sanciones disciplinarias. In re Santaliz Martell, 2016 TSPR 45, 4, 194 DPR ___ (2016); In re García Incera, 177 DPR 329, 331 (2009).

Cabe mencionar que los abogados y las abogadas tienen la "ineludible obligación de responder diligentemente a los requerimientos de este Tribunal, independientemente de los méritos de la queja presentada en su contra". In re García Incera, supra, pág. 331. Por tanto, incumplir con éstos, es una falta independiente a los méritos de la queja. Íd.

Apliquemos este marco legal a los hechos ante nuestra consideración.

III.

Según expuesto previamente, la licenciada Alicea Martínez ha incumplido con nuestros requerimientos. A pesar de haber tenido varias oportunidades para contestar las quejas presentadas en su contra y de que se le apercibió que su incumplimiento podría conllevar la

suspensión del ejercicio de la profesión, la licenciada ha hecho caso omiso a las órdenes de este Tribunal. Dicha conducta denota una falta de diligencia y de respeto a la autoridad de este foro.[1] En vista de lo anterior, se decreta la suspensión inmediata e indefinida de la licenciada Alicea Martínez del ejercicio de la abogacía. Así pues, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente a la licenciada Alicea Martínez esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

---

[1] Cabe mencionar que esta no es la primera ocasión en la que nos enfrentamos a la falta de diligencia de la licenciada Alicea Martínez. En lo pertinente, en una Resolución que emitimos el 16 de septiembre de 2015 ordenamos el archivo de la queja AB-2014-0370 y apercibimos a la licenciada que debía cumplir oportunamente con las órdenes de este Tribunal, ya que futuros incumplimientos podían dar lugar a sanciones disciplinarias.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Rubie M. Alicea Martínez

AB-2014-109
AB-2014-426



SENTENCIA


En San Juan, Puerto Rico, a 22 de junio de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión inmediata e indefinida de la Lcda. Rubie M. Alicea Martínez del ejercicio de la abogacía.

Le imponemos el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente a la licenciada Alicea Martínez esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Rubie M. Alicea Martínez

AB-2014-0109
AB-2014-0426

RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de julio de 2016.

Examinada la *Solicitud de Reconsideración de Suspensión Indefinida* presentada por la Sra. Rubie M. Alicea Martínez, reconsideramos nuestra Opinión *Per Curiam* del 22 de junio de 2016 a los fines de decretar su suspensión por un término de dos (2) meses, en lugar de indefinidamente.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. El Juez Asociado señor Rivera García ordenaría a la señora Alicea Martínez a presentar evidencia fehaciente que sostenga sus alegaciones dentro de un término de diez (10) días, de modo que estemos en mejor posición para evaluar la reconsideración de la sanción impuesta. El Juez Asociado señor Colón Pérez suspendería a la señora Alicea Martínez por un término de tres (3) meses.

Sonnya Isabel Ramos Zeno
Secretaria del Tribunal Supremo Interina