EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: Yecimar Tirado Camacho | 2018 TSPR 81 200 DPR ____ |
|---|---|

Número del Caso: TS-17,295

Fecha: 9 de mayo de 2018

Abogado de la promovida:

　　　　Por derecho propio

Materia: Conducta Profesional – La suspensión será efectiva el 10 de mayo de 2018, fecha en que se le notificó a la abogada por correo de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*Ex parte*

Yecimar Tirado Camacho                    TS-17,295

PER CURIAM

En San Juan, Puerto Rico, a 9 de mayo de 2018.

Una vez más nos vemos obligados a suspender del ejercicio de la abogacía a un miembro de la profesión legal que ha incumplido con mantener actualizada su información en el Registro Único de Abogados y Abogadas del Tribunal Supremo de Puerto Rico (RUA). Veamos.

I.

Como es sabido, y a tenor con los cambios realizados en el Sistema Unificado de Manejo de Administración de Casos (SUMAC), en los pasados meses se expandió la implementación del Proyecto de Notificación Electrónica en los Tribunales (NET) a diversos Centros Judiciales alrededor de la isla.

En aras de mantener informada a la comunidad jurídica sobre el particular, se le enviaron ciertas comunicaciones a los abogados y las abogadas activas en la profesión en Puerto Rico, a través de los correos electrónicos que éstos y éstas tenían registrados en el RUA.

No obstante, y a pesar de ser una obligación reglamentaria, algunos abogados y abogadas no tienen su dirección de correo electrónico registrada en el RUA, lo que impide se le puedan notificar adecuadamente las comunicaciones y/o los dictámenes de nuestros Tribunales. Como consecuencia de ello, en los pasados meses la Secretaría del Tribunal Supremo recibió varias *Resoluciones* de jueces y juezas del Tribunal de Primera Instancia mediante las cuales referían a la atención de este Tribunal a ciertos abogados y abogadas que no tenían registrada una dirección de correo electrónico en el RUA, razón por la cual los Tribunales de Primera Instancia no podían notificar sus determinaciones a través del sistema de NET. Entre ellos, se encontraba la licenciada Yecimar Tirado Camacho.[1]

Así las cosas, el 22 de agosto de 2017, la Subsecretaria del Tribunal Supremo, Lcda. Sonnya Isabel Ramos Zeno, le envió una misiva a la referida letrada, <u>vía correo certificado</u>, en la cual le informaba que, en sus datos personales que constaban en el RUA, ésta no había incluido ningún correo electrónico. Se le informó que, por

---

[1] La licenciada Yecimar Tirado Camacho fue admitida al ejercicio de la abogacía el 4 de febrero de 2009.

tal motivo, ésta no había recibido comunicaciones oficiales de la Rama Judicial. Se le recordó, además, que todo miembro de la profesión legal tiene la obligación de mantener actualizados sus datos en el RUA, incluyendo su dirección de correo electrónico, y que el incumplimiento de ello es fundamento suficiente para decretar la separación inmediata del ejercicio de la abogacía. La mencionada misiva fue devuelta por el servicio postal debido a que la misma no fue reclamada ("*RETURN TO SENDER- UNCLAIMED- UNABLE TO FORWARD*").

A todas luces, la licenciada Tirado Camacho no tenía al día su información en el RUA. Como consecuencia de ello, la Secretaría de este Tribunal nos refirió el asunto ante nuestra consideración.

Es pues, a la luz del trámite procesal antes expuesto, que procedemos a resolver el asunto disciplinario que nos ocupa.

II.

Como se sabe, la Regla 9(j) del Reglamento del Tribunal Supremo impone a los abogados y las abogadas la obligación de mantener actualizados sus datos personales en el RUA, entre ellos su dirección física y postal, tanto de su oficina como de su residencia, así como su correo electrónico. 4 LPRA Ap. XXI-B; *In re Marichal Morales*, 195 DPR 678 (2016); *In re Rivera Trani*, 188 DPR 454 (2013). El abogado o abogada deberá, además, designar una de esas direcciones para recibir las notificaciones del Tribunal. *In*

re *Torres Martínez*, 192 DPR 291 (2015); *In re Rivera Trani*, *supra*.

Sobre el particular, hemos señalado que el fiel cumplimiento de la mencionada obligación reglamentaria garantiza el ejercicio eficaz de nuestro deber de velar porque los miembros de la clase togada cumplan con sus deberes ético-profesionales; es decir, que atiendan con prontitud y diligencia las comunicaciones que se le remitan. *In re Pratts Barbarossa*, 2018 TSPR 5, 199 DPR ___ (2018); *In re López Méndez*, 196 DPR 956, 962 (2016); *In re Marichal Morales*, 195 DPR 678 (2016); *In re Ezratty Samo*, 2016 TSPR 19, 194 DPR 960 (2016); *In re Guzmán Ortiz*, 2015 TSPR 106, 193 DPR 1021 (2015). Cuando un abogado o abogada incumple con su deber de mantener al día sus datos personales en el RUA, obstaculiza el ejercicio de nuestra jurisdicción disciplinaria, *In re Arroyo Rosado*, 191 DPR 242 (2014); *In re Rivera Trani*, *supra*; *In re Toro Soto*, 181 DPR 654 (2011), lo que constituye razón suficiente para decretar su separación indefinida de la profesión. *In re Pratts Barbarossa*, *supra*; *In re Ramos Fernández*, 2016 TSPR 127, 195 DPR 979 (2016); *In re Cepero Rivera*, 193 DPR 1021 (2015); *In re Toro Soto*, *supra*.

III.

En el presente caso, según surge del expediente ante nuestra consideración, y como ha quedado claramente demostrado, la licenciada Tirado Camacho no ha mantenido actualizados sus datos personales en el RUA. En particular,

no ha añadido su dirección de correo electrónico, lo que ha impedido que se le puedan enviar las notificaciones del Tribunal de Primera Instancia donde litiga casos, así como las comunicaciones de este Tribunal. Con su desatención, la licenciada Tirado Camacho ha incumplido con el deber que le impone la Regla 9(j) del Reglamento de este Tribunal, *supra*, y, en consecuencia, ha obstaculizado nuestra jurisdicción disciplinaria. Ello es motivo suficiente para suspenderla del ejercicio de la abogacía. Procedemos a así hacerlo.

IV.

Por los fundamentos antes expuestos, se suspende inmediata e indefinidamente a la licenciada Yecimar Tirado Camacho del ejercicio de la abogacía.

Además, se le impone a la señora Tirado Camacho el deber de notificar a todos sus clientes su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente su suspensión a los foros judiciales y administrativos donde tenga asuntos pendientes. De igual forma, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese inmediatamente por fax, teléfono y por la vía ordinaria.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex parte:

Yecimar Tirado Camacho                    TS-17,295


SENTENCIA

En San Juan, Puerto Rico, a 9 de mayo de 2018.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente a la licenciada Yecimar Tirado Camacho del ejercicio de la abogacía.

Además, se le impone a la señora Tirado Camacho el deber de notificar a todos sus clientes su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente su suspensión a los foros judiciales y administrativos donde tenga asuntos pendientes. De igual forma, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no intervino.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo